BATES ET AL., APPELLANTS, v. WILSON ET AL., APPELLEES.

1. JUDGMENTS—INTEREST.
Under the statute (Mills' An. Stat., sec. 2252) a judgment draws interest from the day of entry until satisfaction.
2. INTEREST ON COSTS.
Costs are à part of the judgment and draw interest accordingly.

*Application for a Rule.*

Mr. L. C. ROCKWELL for the motion.

Mr. HUGH BUTLER opposing.

PER CURIAM. This is an application for a rule on the clerk of this court to issue an alias execution, for interest upon a judgment for costs. The facts, in brief, are as follows:

On January 20, 1890, final judgment was entered in this cause, in this court, reversing the judgment of the district court, and awarding costs to appellant. Some time in October, 1892, an execution was issued by the clerk of this court

for the amount of these costs.  Appellees subsequently paid the costs; the parties agreeing at the time that the question of interest should be left for consideration and determination by this court.

After the return of the execution, an application was made to the clerk for an alias execution for the amount of the interest claimed upon the judgment.  The clerk being uncertain as to his duty in the premises, refused to issue such execution.

Afterwards a rule to show cause was entered, at the instance of appellant.  The clerk, for answer, demurs to the petition.

The question presented is, does a judgment for costs bear interest?  The answer must be gathered from the statute. It provides that judgments shall draw interest from the day of entry "until satisfaction of said judgment be made." There is no distinction made by the statute regarding the kind of judgments that shall draw interest, and we see no reason why such distinction should be made by the court. The costs are a part and portion of the judgment, and should draw interest accordingly.

The demurrer is overruled, and the execution ordered.