ALICE I. HAYDEN v. THOMAS HEFFERAN.

[See 95 Mich. 332.]

*Judgment—Costs—Interest—Estates of deceased persons—
Mandamus.*

1. A judgment for costs in favor of an appellant from probate court bears interest from the date of its rendition.

2. *Mandamus* will lie to compel an administrator to pay interest upon a judgment for costs in favor of an appellant from the probate of a will, where the estate is conceded to be solvent.

3. The question how far courts should go in compelling an administrator, by *mandamus*, to disburse the fund in his hands for which he is answerable in the probate court is not considered, not having been discussed by counsel.

*Certiorari* to Kent. (Adsit, J.) Argued February 20, 1894. Decided March 6, 1894.

Relator applied for *mandamus* to compel the payment of interest on a judgment for costs in her favor on appeal from the probate of a will, and brings *certiorari* to review the order denying the writ. Reversed, and writ of *mandamus* granted. The facts are stated in the opinion.

*Clark H. Gleason,* for relator.

*Maher & Salsbury,* for respondent.

HOOKER, J.  The appellant appealed from the probate of her father's will, and obtained a judgment in her favor, with costs payable out of the estate, which judgment was affirmed by this Court.  See 95 Mich. 332. The judgment of the circuit court was rendered on March 28, 1892, and the costs were not taxed until July 1, 1893, after the case had been determined by this Court.  They were retaxed, upon appeal from the taxation by the clerk, upon the 21st of October, 1893, at the sum of $683.45, which sum the administrator paid to the clerk of the circuit court, refusing to pay interest upon the sum taxed. The interest to that date would have amounted to the sum of $79.35.  The relator thereupon made an application to the circuit court for a *mandamus* to compel the administrator to pay said interest, which application was denied, and the case is brought to this Court by *certiorari.*

Counsel for the respondent contend:

1. That this is not such a judgment as bears interest.
2. That, if it is, no interest could be computed previous to the date of taxation of the costs.

We think neither position tenable.  How. Stat. § 7672, provides that, when execution shall be issued upon any judgment, interest on the amount of the same, until such amount is paid, shall be collected thereon.  A judgment for costs is as much a judgment as any other, and is therefore within the terms of the statute.  In *Warner v. Juif,* 38 Mich. 662, this statute is held to apply to decrees as well as judgments.  Interest upon claims allowed against the estates of deceased persons may be claimed under section 1597, How. Stat.; which is broad enough to cover the present case.  See, also, *Saunders v. Manufacturing Co.,* 27 Mich. 522; *Whelpley v. Nash,* 46 Id. 27.

Upon the other question, the case last cited indicates

a practice to compute interest upon costs from the date of the judgment, while in *Saunders v. Manufacturing Co.,* it was said that—

"The costs, when ascertained, being an incident to the principal judgment, the determination of their amount would relate back, and take effect as of the time when the principal judgment was rendered."

Both of these were cases in justice's court; but in the latter the costs were taxed four days after the rendition of the principal judgment, which is sufficient to require the application of the principle. This rule is vindicated by decisions in other states. *Linck v. City of Litchfield,* 31 Ill. App. 104; *Lord v. New York,* 3 Hill, 429; *Palmer v. Glover,* 73 Ind. 532; *Bates v. Wilson,* 18 Colo. 287.

We do not consider the question how far the courts should go in compelling an administrator, by *mandamus,* to disburse the fund in his hands for which he is answerable in the probate court. Such question is not discussed by counsel, who apparently concede the solvency of the estate, but contest relator's claim to interest.

The judgment of the circuit court will be reversed, and an order entered here that the writ issue as prayed, with costs of both courts.

The other Justices concurred.