THE FLINT & PERE MARQUETTE RAILROAD COMPANY v.
THE BOARD OF STATE AUDITORS.

[See 89 Mich. 481.]

*Costs against State—Interest—Board of State Auditors.*

1. The State is not liable for interest on demands under the general provision of the statute relating to interest; citing *U. S. v. North Carolina*, 136 U. S. 211; *U. S. v. Sherman*, 98 Id. 567; *State v. Board of Public Works*, 36 Ohio St. 409; *Railroad Co. v. State*, 14 L. R. A. 438.

2. In suits between individuals, the prevailing party is entitled to interest upon the costs awarded in his favor from the date of the judgment or decree; citing *Hayden v. Hefferan*, 99 Mich. 262.

3. How. Stat. § 8984, which provides that "in all civil suits and proceedings by or in the name of the people of this State, instituted by any officer duly authorized for that purpose, and not brought on the relation or for the use of any citizen or upon any penal statute, the people shall be liable for costs in the same cases, and to the same extent, as if such suit or proceeding were instituted by an individual," and How. Stat. § 7756, which provides that "every suit or proceeding in a civil cause, instituted in the name of the people of this State by any public officer duly authorized for that purpose, shall be subject to all the provisions of law respecting similar suits or proceedings when instituted by or in the name of any citizen, except where provision is or shall be otherwise expressly made by statute, and in such suits and proceedings the people of this State shall be liable to be nonsuited, and to have judgment of *non pros.* or of discontinuance entered against them, in the same cases, in like manner, and with the same effect as in suits brought by citizens, except that no execution shall issue thereon," clearly evidence an intention to subject the State to precisely the same liability for costs, and for the incidents of a judgment, as an individual is subject to, with the single exception relating to the method of collecting the demand, and require the payment of the same sum in discharge of a judgment for costs as would be required to be paid by an individual.

4. How. Stat. § 7757, which provides that, "whenever costs shall

be adjudged against the people of this State in any civil suit or proceeding instituted by any officer duly authorized for that purpose, it shall be the duty of the Auditor General to draw on the Treasurer for the amount thereof, upon the production of an authenticated copy of the record of judgment, or of the order adjudging such costs, with a taxed bill thereof, and upon the certificate of the Attorney General that such suit or proceeding was duly instituted as the law required," does not require the auditing by the Board of State Auditors of an account based upon a judgment for costs rendered against the State, as a condition to the drawing by the Auditor General of a warrant upon the Treasurer for the amount of said costs.

*Mandamus.* Argued October 25, 1894. Denied November 20, 1894.

Relator applied for *mandamus* to compel respondent to allow its claim for interest on a judgment for costs against the State. The facts are stated in the opinion.

*William L. Webber,* for relator.

*A. A. Ellis,* Attorney General, for respondent.

MONTGOMERY, J. The State, on relation of the Attorney General, commenced suit in chancery against the relator for the recovery of certain lands. On appeal to the Supreme Court of the State, the railroad company prevailed, and a decree was entered that defendant recover costs of both courts from the State. 89 Mich. 481. This order was made in December, 1891. Before the costs were finally taxed, an appeal was taken to the Supreme Court of the United States on behalf of the State, which was, on March 12, 1894, dismissed, and an order entered that defendant recover costs in that Court. 152 U. S. 363. Relator filed its bill for costs with the Board of State Auditors, and claimed to recover interest upon the amount of costs awarded in the State court from the date of judgment, and upon the costs of the United States Supreme Court from the date of the judgment of that Court; the

total charge for interest being $173.33. The interest charged was disallowed, and *mandamus* is asked to compel the allowance of this item.

Some question is made as to whether, under the statute, the Board of State Auditors has any duty to perform in connection with the allowance of a claim for costs; but, as both parties desire an expression of the Court upon the merits, we do not pause to consider this question, except to refer to How. Stat. § 7757, to which further reference will be made hereafter.

The important question is whether relator is entitled to interest upon the judgment. It is conceded by counsel, and may be treated as settled by this Court in *Hayden v. Hefferan,* 99 Mich. 262, that in suits between individuals the prevailing party is entitled to interest upon the costs from the date of the judgment or decree. But it is contended by the Attorney General that the State is not liable for interest on demands under the general provision of the statute relating to interest, and in this contention he is supported by the uniform current of authority. *U. S. v. North Carolina,* 136 U. S. 211; *U. S. v. Sherman,* 98 Id. 567: *State v. Board of Public Works,* 36 Ohio St. 409; *Railroad Co. v. State,* 14 L. R. A. 438. But it is contended by relator that the statutes in this State relating to judgments against the State render the State liable for interest on costs the same as in case of individuals.

How. Stat. § 8984, provides that—

"In all civil suits and proceedings by or in the name of the people of this State, instituted by any officer duly authorized for that purpose, and not brought on the relation or for the use of any citizen or upon any penal statute, the people shall be liable for costs in the same cases, and to the same extent, as if such suit or proceeding were instituted by an individual."

Section 7756 provides that—

"Every suit or proceeding in a civil cause, instituted

in the name of the people of this State by any public officer duly authorized for that purpose, shall be subject to all the provisions of law respecting similar suits or proceedings when instituted by or in the name of any citizen, except where provision is or shall be otherwise expressly made by statute; and in such suits and proceedings the people of this State shall be liable to be nonsuited, and to have judgment of *non pros.* or of discontinuance entered against them, in the same cases, in like manner, and with the same effect as in suits brought by citizens, except that no execution shall issue thereon."

The succeeding section (7757) provides that—

" Whenever costs shall be adjudged against the people of this State in any civil suit or proceeding instituted by any officer duly authorized for that purpose, it shall be the duty of the Auditor General to draw on the Treasurer for the amount thereof, upon the production of an authenticated copy of the record of judgment, or of the order adjudging such costs, with a taxed bill thereof, and upon the certificate of the Attorney General that such suit or proceeding was duly instituted as the law required."

These provisions are very broad, and, we think, clearly evidence an intention to subject the State to precisely the same liability for costs, and for the incidents of a judgment, as an individual is subject to, with the single exception relating to the method of collecting the demand.

In *U. S. v. Sherman*, 98 U. S. 565, the statute provided that in suits against public officers, where recovery should be had in any such suit, and the court should certify that there was probable cause for the act done by the collector or other officer, or that he acted under the directions of the Secretary of the Treasury or other proper officer of the government, no execution should issue against the collector or other officer, but the amount so recovered should, upon final judgment, be provided for and paid out of the proper appropriation from the treasury. It was held in that case that interest should not be allowed. But there was no federal statute considered which so

broadly imposed upon the government the same obligations as those resting upon an individual; and, further, it was truly said in that case:

"When the certificate is given, the claim of the plaintiff in the suit is practically converted into a claim against the government. But not until then. Before that time the government is under no obligation, and the Secretary of the Treasury is not at liberty, to pay. When the obligation arises, it is an obligation to pay the amount recovered; that is, the amount for which judgment has been given, The act of Congress says not a word about interest. Judgments, it is true, are by the law of South Carolina, as well as by federal legislation, declared to bear interest. Such legislation, however, has no application to the government. And the interest is no part of the amount recovered."

We think the reasoning in this case would be conclusive were it not for the provisions above quoted from sections 8984, 7756. But while the word "interest" is not used in either of these sections, we think they are sufficiently broad to require the payment of the same sum in discharge of a judgment for costs as would be required to be paid by an individual.

Section 7757, above quoted, does not require the auditing of this account by the Board of State Auditors. It is made the duty of the Auditor General to draw his warrant upon the Treasurer for the amount of the costs.

It will be unnecessary to issue a writ in the present case.

The other Justices concurred.