## S. A. Hoyt v. M. W. Beach, Appellant.

**Pleading:** REPETITION: *Judicial notice.* The court will grant a motion to strike out an answer when the matter contained therein is the same in substance as the allegations in former answers to which demurrers have been sustained, although it contains a preliminary statement withdrawing all former answers and amendments. The court still takes judicial notice that the withdrawn pleadings stated matter vulnerable to demurrer.

**Interest: JUDGMENTS.** Interest may be allowed on a judgment for costs and attorney's fees, from the date of the entry of the judgment (Code 1878, section 2078), citing *Parker v. State*, 35 N. E. Rep. (Ind.) 1105; *Galbraith v. Walker*, 95 Pa. 481; *Hayden v. Hefferan*, 58 N. W. Rep. (Mich.) 59; *Linck v. Litchfield*, 31 Ill. App. 104; *Palmer v. Glover*, 73 Ind. 532; *Bates v. Wilson*, 18 Colo. 287; *Emmitt v. Brophy*, 42 Ohio St. 82.

*Appeal from Carroll District Court.*—Hon. Z. A. CHURCH, Judge.

SATURDAY, DECEMBER 18, 1897.

ACTION at law upon promissory notes. Verdict and judgment for the plaintiff. Defendant appeals.— *Affirmed.*

*F. M. Davenport* for appellant.

*J. P. Conner* for appellee.

KINNE, C. J.—I. Without reciting all the facts of the case, it may be said that this appeal is from an order of the trial court sustaining a motion striking counts 2 and 3 of the defendant's answer. Some four grounds were stated in the motion as to each count. It does not appear from the record upon what ground the motion was sustained. The principal ground of the motion was that the answer was a repetition, in substance, of the former answer and amended and substituted answers filed by the defendant, to which demurrers had been sustained. The appellant claims that the last answer is not, in fact, a repetition of the former answer, and that if it was, as by a preliminary statement in the last answer to which the motion was directed, all former answers and amendments were withdrawn, the last answer could not be stricken as being a repetition of matters contained in former answers, as such answers

could no longer be considered. An examination of the record shows that the last answer differs in no material respect from those to which demurrers were sustained. Some new matter is found in this last answer, but it is simply a conclusion drawn from the same facts pleaded in both answers. Under the established rule of pleading, it is proper to strike an answer which is, in substance, a mere repetition of allegations which have been held insufficient on a demurrer to a former answer in the same case. *Epley v. Ely*, 68 Iowa, 70; *Mayer v. Woodbury*, 14 Iowa, 57; *Robinson v. Erickson*, 25 Iowa, 85; *Phoenix Ins. Co. v. Findley*, 59 Iowa, 591. Whether the operation of the rule would be affected by the statement in the last answer that all former answers and amended answers are withdrawn has not been determined by this court. Now, an answer may be withdrawn; but the fact that it has been once filed, and that the facts set forth therein have been held insufficient on a demurrer, remains a matter of record, and is within the judicial notice of the court, acting upon the motion to strike the pleading; and the operation of the rule mentioned cannot be affected by the withdrawal of the former pleading, which is made in the latter pleading. Any other rule would permit parties to continue indefinitely to file pleadings which were mere repetitions of former pleadings, which had been held bad on demurrer. Such a construction would tend to disorder and a disrespect for the rulings of the court; would delay judicial procedure, and interfere with the orderly administration of justice. The matter contained in the answer last filed being the same, in substance, as the allegations contained in former answers, to which demurrers had been sustained, the court properly sustained the motion to strike.

II.　In entering the judgment, the court provided that the judgment for costs and attorney's fees should draw interest at six per cent. per annum from the date

of entry of the judgment. Appellant contends that this was erroneous. No authorities are cited to show that interest should not be allowed on attorney's fees and costs. The allowance of interest on judgments is controlled entirely by statute. At common law, judgments carried no interest. 2 Black, Judgments, sections 880, 981. Our statute provides that interest shall be allowed on all money due on judgments and decrees of courts at the rate of six cents on the one hundred by the year, unless a different rate is fixed by the contract. Code 1873, section 2078. But few adjudicated cases are to be found which determine the right to interest on costs, and these are by no means in harmony. In Indiana it is held that a judgment for costs bears interest, but that there is no statute authorizing the allowance of interest on "fees," and that a witness or officer takes his fees as taxed without interest. *Parker v. State*, 135 Ind. 534 (35 N. E. Rep. 1105). See *Galbraith v. Walker*, 95 Pa. St. 481. In some of the states interest on costs, which seem also to embrace fees, is allowed. *Hayden v. Hefferan*, 99 Mich. 262 (58 N. W. Rep. 59); *Linck v. City of Litchfield*, 31 Ill. App. 104; *Palmer v. Glover*, 73 Ind. 532; *Bates v. Wilson*, 18 Colo. 287 (32 Pac. Rep. 615); *Emmitt v. Brophy*, 42 Ohio St. 82. Money due on a judgment for costs is as much money due on a judgment as is money due on a judgment for damages, and this is true whether such costs embrace the fees of witnesses or officers or attorney's fees. While we think it has been the undersanding that costs did not draw interest, still we discover nothing in our statute allowing interest on judgments which limits its allowance to the judgment for damages only. There was therefore no error in providing that the costs and attorney's fees should draw interest.—Affirmed.