## Philadelphia *v.* Commonwealth, Appellant.

*Interest—Suit by county against state—Authority to collect interest.*

1. Where a statute authorizes a suit by a county against the state to recover a valid claim, the legislature may at the same time authorize the recovery of interest on the debt.

2. If the Commonwealth requires a county to pay out of its own money the expenses of primary elections, and constitutes the county its agent, it may subsequently authorize the county to sue the state for the moneys expended and interest thereon.

*Election laws — Compensation of judges of election — Primary elections—Philadelphia County—Auditor general—Acts of June 27, 1913, P. L. 632; February 17, 1906, P. L. 36, and June 22, 1917, P. L. 636.*

3. The Act of June 27, 1913, P. L. 632, increasing the pay of judges of election in the State does not apply to Philadelphia County.

4. Neither the auditor general nor the county commissioners can allow an extra dollar a day as compensation for judges of election where there is no statutory authority to pay such additional sum.

5. Where additional official ballots have been furnished by the county commissioners upon request by the county chairman of a party, as provided by the Act of February 17, 1906, P. L. 36, the charges therefor may be collected from the State, in a suit brought under the Act of June 22, 1917, P. L. 636.

Argued October 9, 1922. Appeal, No. 171, Jan. T., 1923, by defendant, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1917, No. 2343, for plaintiff on case tried by the court without a jury, in case of Phila. County v. Commonwealth. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SADLER, JJ. Judgment modified and affirmed.

Assumpsit under Act of June 22, 1917, P. L. 636, to recover moneys expended for primary election expenses. Before STAAKE, J., without a jury.

·The opinion of the Supreme Court states the case.

Judgment for plaintiff for $624,006.97. Defendant appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*Sterling G. McNess,* Deputy Attorney General, with him *George Ross Hull,* First Deputy Attorney General, *Fred Taylor Pusey,* Deputy Attorney General, and *George E. Alter,* Attorney General, for appellant.—The judges of election were paid in excess of the amount allowed by law, $1,197 for the 1911 primary; $1,197 for the 1912 primary; $9,872 for the 1913 primary and $10,960 for the 1914 primary. These amounts cannot be paid by the State.

Plaintiff is not entitled to interest on the several items of this claim from one month after the same were presented to the auditor general.

Interest does not run generally against the Commonwealth: U. S. v. North Carolina, 136 U. S. 221; U. S. v. Sherman, 98 U. S. 565; U. S. v. Bayard, 127 U. S. 251; Molineux v. State, 109 Cal. 378.

The claim sued on is not a contract: Com. v. Phila., 157 Pa. 550; U. S. v. Kirkpatrick, 9 Wheaton 721; Schuylkill County v. Com., 36 Pa. 524.

The Act of June 22, 1917, P. L. 636, is unconstitutional in so far as it relates to the recovery of interest: Phila. v. Com., 270 Pa. 359.

*Ira Jewell Williams* and *Abraham M. Beitler,* for appellee.

OPINION BY MR. JUSTICE KEPHART, January 3, 1923:

Interest, as between individuals, is recoverable under usage of trade, contract or statute. The theory on which interest is allowed, except in cases of contract to pay interest, is that it is damages for delay or default in payment by the debtor, measured by a rate per cent. The State is not liable to pay interest on its debts unless bound by statute or by contract of its executive officers. The government is presumed to be always ready to pay, and it would be against public policy to declare it otherwise: 15 R. C. L. 17, section 14; United States v. Rogers, 255 U. S. 163, 169. The statute having authorized suit against the State by the County of Philadelphia for an admittedly valid obligation subsisting for a number of years, had the legislature authority to impose a liability for interest for the time the money was held, when it granted the county the right to sue?

When this case was here before (270 Pa. 353, 357), we said, in discussing whether the act warranted a suit against the Commonwealth or merely authorized an adjustment of accounts with one of its territorial subdivisions, "When we consider this provision (section 11 of article I of the Constitution), together with the fact that counties are mere political subdivisions of the State, and

that......the proceedings, authorized by the act [permitting a suit by the county],......represent merely a change in the manner of adjusting an account, allowed ex gratia by the Commonwealth, between it and one of its political subdivisions, it is doubtful whether either one of the constitutional limitations relied on by appellant has any application to the present case." While this was not flatly decided, it was persuasive in determining the final result, and we may repeat, the county, having acted as agent for the State, the legislature had the power to recognize its duty to make its agent whole by reimbursing for such outlays as it was required by law to meet on behalf of its principal, including as well a reasonable compensation for its services or for the use of its money. The principles applicable to interest as above noted are general, and if an agent, acting within the scope of his authority and in good faith, expends money for the benefit and on account of the principal in the course of his agency, he is entitled to full reimbursement (2 Corpus Juris, 795, 797), which would include interest on the moneys expended on this account.

What the State has done is to require the county to use its money to pay state debts. This brings it very close to our interest statutes which recognize a per cent charge for money used. We have recognized interest claims against the State in several cases: Respublica v. Mitchell, 2 Dallas 101; Edmund Milne v. Rempublicam, 3 Yeates 102, 103. See 36 Cyc., p. 906. Here we wish to emphasize, the State is dealing with one of its municipal subdivisions as one of its agents. We know of no law or section of the Constitution that forbids allowing interest, or why the State could not give it ex gratia for what seems not only a moral but a legal claim. The State could very properly have required the agent to pay without recompense, or with half or all. By the Acts of 1906 and 1913, it obligated the county to pay primary election expenses, to be later repaid by the State. The State assumed the expenses as its own proper obligation.

Having refused payment for a great many years, the legislature authorized the agent to sue, and, if the claim was proper, to collect principal and interest.

The claim against the State was for election expenses under the Acts of 1906 and 1913; there is included compensation for judges of election for 1911 and 1912, at the rate of $9 per day, and for 1913 and 1914 at the rate of $15 per day. The Act of February 17, 1906, P. L. 36, section 8, fixed the pay at one-half the compensation they would receive for their services if holding general elections; and, under the Act of July 12, 1913, P. L. 719, section 11, where the whole day was employed, the same compensation for their services as they would receive at general elections. The court below allowed for the years 1911 and 1912 one dollar for each division in excess of one-half the compensation allowed by law, and in 1913 and 1914 eight dollars for each division in excess of this compensation. The Act of July 2, 1839, P. L. 519, fixed, in counties outside of Philadelphia, the daily compensation to judges of election at $1.50; this was raised in 1874 to $2, and in 1903 (Act of April 16, 1903, P. L. 220) to $3.50, plus $2 as return judges' pay. In 1913 (Act of June 27, 1913, P. L. 632) the pay was fixed at $5 per day. None of these acts, amending the Act of 1839, applied to the City of Philadelphia, which was controlled, first, by the Act of May 1, 1852, P. L. (1854) 871, then by the Act of April 18, 1853, P. L. (1854) 824. The compensation was fixed at $5 per day; in addition, there was to be added $2 as pay of return judges. This was supposed to be full compensation for all services, and these were the acts in effect at the time the bill in this case was presented to the State for payment. The limit for primary pay was one-half ($3.50) for 1911 and 1912, and during the years 1913 and 1914 $7 per day. The Act of June 27, 1913, P. L. 632, increasing the pay of judges of election in the State, does not apply to Philadelphia County.

1923.]                    Opinion of the Court.

The auditor general, prior to 1911, allowed a dollar extra per day. This would not bind the State, as there was no authority to pay this additional sum. The city councils could not increase the compensation of election officers, without an enabling act of assembly.

Section 7 of the Act of 1906, supra, gives to the county commissioners power to furnish additional ballots, when requested in writing by the county chairman of any party; also one-fourth as many specimen ballots as there are official ballots. Written requests were made and the court below has properly found they were for additional official ballots. The charge for these ballots was proper.

The assignments of error are dismissed, the judgment however to be modified by reducing the pay of judges of election in the manner indicated in this opinion. As thus modified, the judgment is affirmed.