## FRAAM v. KELLEY.

1. ATTORNEY AND CLIENT—LIEN ON JUDGMENT.
   An attorney has a lien upon a judgment obtained through his efforts for his services and disbursements in a particular case.

2. EXECUTION—ASSIGNMENTS—SET-OFF.
   Assignee of execution who knew of execution against his assignor is not entitled to prevail as mere assignee when assignor's judgment creditor seeks to set off the executions one against the other (3 Comp. Laws 1929, § 14552, subd. 2).

3. SAME—ATTORNEY AND CLIENT—ASSIGNMENTS—SET-OFF.

Execution issued under decree assigned by client to attorney in satisfaction of his lien thereon for services is not subject to set-off by assignor's judgment creditor's execution for the amount of attorney's taxable fees and disbursements (3 Comp. Laws 1929, § 14552, subd. 5).

4. APPEAL AND ERROR—CERTIORARI—REMAND—EXECUTION.

On appeal in the nature of certiorari from order granting mandamus to set off executions against each other, case is remanded to determine amount of execution assigned to client's attorney for taxable fees and disbursements not subject to such set off (3 Comp. Laws 1929, § 14552, subd. 5).

5. COSTS—CERTIORARI.

On appeal in the nature of certiorari in civil action, prevailing party is granted costs in the Supreme Court (3 Comp. Laws 1929, § 15506).

Appeal from Kent; Perkins (Willis B.), J. Submitted June 26, 1934. (Calendar No. 37,898.) Decided October 1, 1934.

Mandamus by George Fraam to compel Fred Kelley, sheriff of Kent county, and Albert C. Matzen, deputy sheriff, to set off writs of execution in their possession. Writ allowed. Defendants appeal. Reversed.

*Linsey, Shivel & Phelps (John H. VanderWal,* of counsel), for plaintiff.

*Dunham & Sherk,* for defendants.

NORTH, J. In a suit for accounting in the circuit court of Kent county in chancery, George Fraam had decree for $9,753.48 and taxable costs against Harry Melconian. Melconian appealed to this court and secured a reduction in the amount of the decree against him to $2,800 and accrued interest. *Melconian v. Fraam,* 265 Mich. 378. Melconian had costs

in this court which were taxed at $809.08. Prior to January 15, 1934, Melconian's counsel asserted a lien on the decree for costs, took an assignment from Melconian and notified opposing counsel. On the date above noted a writ of *fieri facias* was issued out of the Supreme Court in the name of Melconian's attorney as assignee. On the date the writ was issued, the sheriff and deputy sheriff of Kent county, defendants herein, levied upon property belonging to Fraam. Two days later (January 17, 1934), Fraam taxed his costs at $78.70 against Melconian incident to the decree theretofore rendered in the circuit court, placed the writ of *fieri facias* for $2,922.48 plus the taxed costs in the hands of the sheriff, and demanded that the execution issued to Melconian's assignee for the $809.08 costs taxed in the Supreme Court be set off against the execution issued to Fraam. The sheriff and deputy sheriff refused to make the set-off. Mandamus proceedings in the circuit court followed and the writ issued commanding the set-off to be made. Leave having been granted, the defendants in the mandamus suit review in this court by certiorari.

Decision in the circuit court was based upon the fact that since Melconian's assignee had knowledge of all the facts he acquired no greater rights than those possessed by his assignor. Appellants contend that since Melconian's assignee has an attorney's lien upon the decree for costs in Melconian's favor, as well as an assignment thereof, such assignee has a right of a different character and superior to that of an ordinary assignee; and since the assignee's claim is based upon an attorney's lien the Melconian execution cannot be used as a set-off against the Fraam execution.

In this State there can be no question but that an attorney as between himself and his client has a lien upon a judgment obtained through the attorney's efforts for services and disbursements in a particular case. *Shank* v. *Lippman,* 249 Mich. 22. Incident to setting off executions the following provisions from 3 Comp. Laws 1929 are pertinent:

Sec. 14549. "If upon an appeal, a recovery for a debt or damages be had by one party, and costs be awarded to the other party, execution shall issue only in favor of the party to whom there shall be a balance due for the amount of such balance."

Sec. 14550. "Executions between the same parties may be set off one against another, if required by either party, in the manner, and subject to the provisions mentioned in the following sections."

When counter executions are delivered to the same officer the provision is as follows:

Sec. 14551. "The officer shall apply it (the counter execution), as far as it will extend, to the satisfaction of the first execution, and make an indorsement of such application on each of said executions, and the balance due on the larger execution may be collected and paid in the same manner as if there had been no set-off."

Sec. 14552. "Such set-off shall not be allowed in the following cases: * * *

"(2) When the sum due on the first execution shall have been lawfully and in good faith assigned to another person, before the creditor in the second execution became entitled to the sum due thereon. * * *

"(5) Nor shall it be allowed as to so much of the first execution as may be due the attorney in that suit, for his taxable fees and disbursements."

It may be noted that Fraam's decree for the amount due him on the accounting and for costs was

prior to Melconian's decree, although subsequently modified by the Supreme Court decree; and costs to Fraam in the circuit were taxed after Melconian's costs were taxed in the Supreme Court. It may also be noted that Melconian's assignee, the attorney who had represented him throughout this litigation, had full knowledge of the whole situation; and therefore 3 Comp. Laws 1929, § 14552, subd. 2, above quoted, is not controlling in the instant case.

In view of the provisions in 3 Comp. Laws 1929, § 14552, subd. 5, above quoted, it is plain that Melconian's assignee, both as an assignee and as the attorney in the case, has the first call upon so much of the costs taxed in favor of Melconian "as may be due the attorney in that suit for his taxable fees and disbursements." This would cover the amount specifically taxed as attorney's fees and for the attorney's disbursements. There is no showing in this record as to what amount, if any, Melconian's attorney disbursed incident to the suit in which the costs were taxed. The case should be remanded to the circuit court and opportunity afforded Melconian's assignee to establish and have entered of record the amount of his disbursements, if any, in this suit. The Melconian execution should be held effective as to the amount of the assignee's taxed attorney's fees and disbursements; but any additional amount of the costs taxed in favor of Melconian should be set off and indorsed as a credit on the Fraam execution. Appellants will have costs of this court. See 3 Comp. Laws 1929, § 15506.

NELSON SHARPE, C. J., and POTTER, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.