(No. 1631—)

HARRY MANASTER & BRO., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 9, 1935.*

HENRY J. AND CHARLES AARON, for Claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

On July 26th, 1930 claimant filed its complaint herein for the recovery of Nine Hundred Dollars ($900.00) which it claims to have paid for motor truck license fees for the years 1924 to 1929, inclusive, in excess of the amount which it was legally required to pay; and for the recovery of interest on such overpayment at the rate of five per cent (5%) per annum from the date of payment.

It appears from the record that for some years prior to 1924 claimant owned three five-ton Pierce Arrow motor trucks upon which it paid license fees of One Hundred Dollars ($100.00) per annum on each truck, based upon a gross weight for truck and load of less than 20,000 pounds and more than 16,000 pounds; that such trucks were of the same make and size, and similar in every particular; and that each of said trucks consisted of a Pierce Arrow chassis and an open Packard express body, constructed and placed on the chassis by an independent body builder.

In making out the applications for license in 1924, the agent of the claimant having charge thereof, did not have

access to copies of his previous applications, and telephoned the Pierce Arrow Company for the purpose of ascertaining the weight of such trucks. He was advised that such weight was 10,600 pounds, and therefore prepared and filed his applications, giving a total weight of 20,600 pounds for truck and load, being 10,600 for truck and 10,000 for load. The license fee for such classification was One Hundred Fifty Dollars ($150.00) per annum for each such truck, which was duly paid by claimant.

The empty trucks were not actually weighed for the purpose of ascertaining the weight thereof until 1930, when it was ascertained that the correct weight was 9,940 pounds. In 1935 two of the trucks were weighed, one weighing 9,900 pounds, and the other, which had just come from the paint shop, weighing 9,950 pounds. If the total weight of the truck and load was less than 20,000 pounds and over 16,000 pounds, the license fee should have been $100.00 per annum instead of $150.00 per annum, as paid by claimant.

From all of the evidence in the record, it appears that the correct weight of the trucks, exclusive of the load, was less than 10,000 pounds, and for each of the years 1924 to 1929, inclusive, claimant paid a license fee of $150.00 for each truck, while as a matter of fact, it should have paid but $100.00. Claimant's agent took for granted the statement made by the representative of the Pierce-Arrow Company to the effect that the weight of the empty truck was 10,600 pounds, and based its applications upon such statement. Such representative apparently was not aware of the fact that the trucks in question were equipped with special bodies and not with the regular Pierce-Arrow bodies. Under the facts in evidence it appears that the overpayments in question were made under a mistake of fact.

The rule governing payments made under a mistake of fact is set forth in 48 Corpus Juris 759, as follows:

"As a general rule, a payment made under a mistake of fact, and which the payor was under no legal obligation to make, may be recovered back, even though made during the pendency of a suit on the demand. The right of recovery under such circumstances is known to the civil and Roman law, as well as to the common law, and is bottomed upon the equitable doctrine that an action will lie for the recovery of money received by one to whom it does not in good conscience belong, the law presuming a promise to repay.

The rule applies to payments made to or by public and governmental agencies as well as private persons;" also on page 765, as follows:

"Where one by mistake of fact pays more than is due upon a debt or obligation, he may recover the overpayment."

Substantially the same rule is announced in 21 R. C. L., p. 164; R. C. L. Supp., p. 5027; 87 A. L. R. 649. Numerous cases are cited in each of the above authorities in support of the law as above set forth.

Such rule has been recognized by this court in numerous cases. *Moorman Mfg. Co.* vs. *State*, No. 1886, decided at the May, 1934, term; *Rossia Insurance Company of America* vs. *State*, No. 1540, decided at the September, 1934, term; *Black Star Coal Company* vs. *State*, 6 C. C. R. 379; *The Importers' etc. Insurance Co.* vs. *State*, 5 C. C. R. 1; *Firemen's Insurance Co.* vs. *State*, 2 C. C. R. 220.

However, under Section 10 of the Court of Claims Act, claimant's right to recover is limited to payments made during the period of five years prior to the date of filing of its claim, to-wit, July 26th, 1930. The only overpayments made by claimant during such period were for the years 1926, 1927, 1928 and 1929, totaling the sum of Six Hundred Dollars ($600.00).

As to the item of interest claimed, such item apparently is based upon the provisions of our Statute relating to interest, which provide for the payment of interest where money has been "withheld by an unreasonable and vexatious delay of payment." It appears, however, that no demand was made by claimant for the overpayments made by it, until about six months before the filing of the claim herein, and there is nothing in the evidence which warrants an award for such item.

Furthermore, the law appears to be that interest cannot be recovered against the State, except upon special statutory authorization. *McNutt* vs. *City of Los Angeles*, 187 Cal. 245; *Philadelphia County* vs. *Commonwealth*, 276 Pa. 12; *Flint & P. M. R. Co.* vs. *Board of State Auditors*, 102 Mich. 500.

It is Therefore Ordered that an award be and the same is hereby entered in favor of the claimant for the sum of Six Hundred Dollars ($600.00).