JONES *v.* O'DONNELL.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—BRIEFS—JOINDER OF PARTIES.

No opinion is expressed as to propriety of joinder of parties in suit brought by administratrix of estate of one lawyer and survivor of firm of attorneys against former client, an opposing party in a lawsuit, and latter's surety to enforce an attorney's lien, where question of joinder was not raised below or briefed in this court (2 Comp. Laws 1929, § 9865).

2. SAME—QUESTIONS REVIEWABLE—MOOT QUESTION—TAXATION OF COSTS ON FORMER TRIALS.

No opinion is expressed as to whether or not plaintiffs were entitled to costs in first two of three trials of same case where circuit court granted a new trial after the first one and Supreme Court reversed judgment for plaintiff on second trial and conditionally affirmed judgment for plaintiff on third trial where trial court taxed costs of the three trials after remand from second appeal and no appeal was taken from such taxation and neither party made any objection in Supreme Court, the question being moot.

3. ATTORNEY AND CLIENT—LIEN FOR SERVICES.

An attorney has a lien upon a judgment obtained through his efforts for services and disbursements in the particular case.

4. SAME—LIEN ON JUDGMENT—OTHER JUDGMENTS.

An attorney's lien upon a judgment is protected against judgments rendered in other actions.

5. SAME—LIMIT OF LIEN.

When a lien is proper, it is limited to the amount of the taxed attorneys' fees and disbursements, and any additional amount of the costs taxed in favor of the client should be set off as a credit on the opposite party's execution (3 Comp. Laws 1929, §§ 14550, 14552, subds. 2, 5).

6. SAME—TAXABLE FEES AND DISBURSEMENTS—SETTING OFF OF EXECUTIONS.

The word "taxable," as used in statute denying set-off of execution for so much as may be due an attorney for his "taxable

fees and disbursements," qualifies both "fees" and "disbursements" (3 Comp. Laws 1929, § 14552, subd. 5).

7. INTEREST—JUDGMENT—COSTS.
Since it is by virtue of the third and last judgment rendered which became final that plaintiffs are entitled to costs, plaintiffs would not be entitled to interest on costs of first and second judgments, rendered in their favor but subsequently set aside, from dates on which they were respectively entered (3 Comp. Laws 1929, § 14555).

8. SAME—JUDGMENT—ENTRY—APPEAL.
The statute allowing interest on a judgment "from the time of entry of the same" refers to the entry of the judgment which becomes final and not the date of affirmance by the Supreme Court (3 Comp. Laws 1929, § 14555).

9. SAME—JUDGMENT—COSTS—COMPUTATION.
Interest on costs is computed from the date of entry of judgment, notwithstanding the costs were ascertained and taxed at a later date, as costs are incident to the judgment and the determination of their amount relates back and takes effect as of the time when the principal judgment was rendered (3 Comp. Laws 1929, § 14555).

10. ATTORNEY AND CLIENT—JUDGMENT—SETTING OFF EXECUTIONS.
In suit to enforce lien of attorneys to whom clients had assigned all rights in judgment for damages and costs obtained against judgment debtor in action for subsidence of land, attorneys are entitled to costs taxed in favor of clients less sum advanced for expenses by clients, plus interest on the difference from date of entry of final judgment, and such amount may not be set off by judgment debtor against any sum due them; but as against damages awarded clients plus their advancements on expenses with interest on both items from date of final judgment, judgment debtor and surety were entitled to set off judgments for costs on two appeals with accrued interest from dates of entry and for difference between such amounts debtor was entitled to execution against judgment creditor.

Appeal from Gogebic; Driscoll (George O.), J. Submitted October 3, 1939. (Docket No. 19, Calendar No. 39,744.) Decided February 14, 1940.

Bill by Agnes L. Jones, special administratrix of the estate of John Jones, deceased, and Solomon W.

Patek against Thomas O'Donnell and others to enforce an attorney's lien upon a judgment. Decree for plaintiffs. Defendants Oliver Iron Mining Company and United States Fidelity & Guaranty Company appeal. Modified and affirmed.

*Solomon W. Patek* and *Leonard J. McManman* (*John S. McDonald*), of counsel, for plaintiffs.

*Charles M. Humphrey* and *Charles M. Humphrey, Jr.,* for defendants and appellants.

BUTZEL, J. The suit which affords the background for the present equity case was tried three times in the circuit court and appealed twice to this court. See *O'Donnell* v. *Oliver Iron Mining Co.,* 262 Mich. 470, and 273 Mich. 27. The first judgment was vacated and a new trial ordered by the circuit judge; the second judgment was reversed in this court; and the third judgment was also appealed to this court and affirmed conditionally on remittitur down to $1,400. On each of the two appeals the defendant mining company prevailed and costs of appeal were allowed each time in its favor.

This suit in equity may be considered as one brought by Jones & Patek who were O'Donnell's attorneys in the suit at law, although because of the death of Mr. Jones the suit is in fact prosecuted by the special administratrix of his estate and by Mr. Patek. As the question of joinder of parties was not raised below or in the briefs in this court, we need not determine whether the administratrix of Mr. Jones' estate is a proper party, and no opinion is expressed thereon. See 2 Comp. Laws 1929, § 9865 (Stat. Ann. § 20.25) and *Poy* v. *Allan,* 247 Mich. 385. Jones & Patek are assignees of all the rights of their client in the judgment for damages and costs

obtained against the mining company, and also claim by virtue of their rights to an attorney's lien. Plaintiffs' bill was filed to enforce a lien on the amount recovered as damages and costs by O'Donnell against the mining company. The real controversy is as to the right of the mining company to set-off counter executions issued by this court in the law case. The defendant mining company and its surety have appealed from the decree entered in the circuit court.

On each of the trials of the law case in the circuit court plaintiffs therein taxed costs. These costs totalled $2,373.50. Plaintiffs also had judgment for damages in the amount of $1,400, making a total recovery of $3,773.50, exclusive of interest. On the other hand, the mining company was awarded costs on each appeal to this court. These taxed costs total $2,259.83. In this equity case plaintiffs claim that they had paid out of their own funds incident to prosecuting the suit at law the sum of $4,025.81, and that they are entitled to a lien on the O'Donnell judgment before allowing any set-off of the mining company's judgments for costs of the appeals.

On plaintiffs' showing that they had paid from their own funds in the prosecution of the O'Donnell case the net amount of $4,025.81 and that their taxable attorneys' fees amounted to $90, they were given a decree in the sum of $4,115.81 based on the O'Donnell judgment for the damages and costs taxed against the mining company, such sums to be a prior claim or lien and to be paid before defendant could set off its judgment for costs in the Supreme Court. This decree was entered November 18, 1936. The O'Donnell judgment and taxed costs with accrued interest as computed by the trial judge to May 1, 1936, total $4,477.03. The decree should be modified.

We raised the question as to whether plaintiffs were entitled to recover costs for the first trial when the judgment was set aside by the trial court, or upon the second trial when the judgment was set aside by this court, because these judgments became nullities. The question is moot because the trial judge allowed costs of the three trials to be taxed in the O'Donnell case on January 29, 1936, and no appeal was taken, and neither party made any objection in this court. Therefore, we express no opinion on the propriety of this taxing order.

In disposing of this appeal, regard must be had for applicable statutory provisions on set-off of executions. See 3 Comp. Laws 1929, § 14549–14552 (Stat. Ann. §§ 27.1514–27.1517). An attorney has a lien upon a judgment obtained through his efforts for services and disbursements in the particular case. *Fraam* v. *Kelley,* 268 Mich. 573; *Shank* v. *Lippman,* 249 Mich. 22. We must first determine whether this lien is superior to the right of set-off of judgments in the same suit in favor of the opposing party.

The general problem to be determined here "revives the smoldering fires of an ancient judicial controversy. The beginnings may be traced to England." (Cardozo, J., in *Beecher* v. *Peter A. Vogt Manfg. Co.,* 227 N. Y. 468 [125 N. E. 831]). See annotation in 34 A. L. R. 323. In *Wells* v. *Elsam,* 40 Mich. 218, Chief Justice CAMPBELL recognized that

"The practice of setting off judgments either on motion or otherwise, except when suit is brought on one of them, is one upon which there is considerable difference of opinion."

In Michigan the subject is covered by statute. 3 Comp. Laws 1929, § 14550 (Stat. Ann. § 27.1515), provides that executions between the same parties

may be set off, subject to certain exceptions. 3 Comp. Laws 1929, § 14552, subd. 5 (Stat. Ann. § 27.1517 [subd. 5]), provides that such set-off shall not be allowed "as to so much of the first execution as may be due to the attorney in that suit, for his taxable fees and disbursements," and subdivision 2 of the same statute denies set-off in the case of a prior good faith assignment. There is no question that the lien is protected against judgments rendered in other actions. See *Shank* v. *Lippman, supra,* and authorities there cited. And where it arises in connection with the same action, it has been held that the attorney "has first call upon so much of the costs taxed in favor" of his client "as may be due the attorney in that suit for his taxable fees and disbursements." *Fraam* v. *Kelley, supra. Bennett* v. *Hanley,* 91 Mich. 143, is inapplicable, for there was no question of attorney's lien in the case. The judgment recovered in the trial court was assigned to plaintiff's attorney, but on appeal it was reversed, with costs to defendant. On retrial the attorney became the real party in interest, and for that reason we held that defendant should be allowed to set off his execution for costs against the judgment finally recovered by plaintiff. When a lien is proper, it is limited to the amount of the taxed attorneys' fees and disbursements, and any additional amount of the costs taxed in favor of the client should be set off as a credit on the opposite party's execution. *Fraam* v. *Kelley, supra.*

The letter of 3 Comp. Laws 1929, § 14552, denies set-off for so much as may be due the attorney in that suit for his "taxable fees and disbursements." Plaintiffs cite *McDougall* v. *Hazelton Tripod-Boiler Co.,* 31 C. C. A. 487 (88 Fed. 217), decided under Tennessee law, and ask us to extend the denial of set-off to all disbursements of the attorneys and

their fees, whether taxable or not. That case did not involve counter-judgments, the issue there being the extent of the attorneys' lien on a fund produced by their efforts, as against a subsequent assignee of the claim sued upon who intervened after the fund was recovered and paid into court. We adhere to the interpretation previously given by this court, to the effect that the word "taxable" qualifies both the "fees" and the "disbursements." This conforms with .decisions in other jurisdictions interpreting similar statutes. In *Ocean Ins. Co.* v. *Rider,* 22 Pick. (39 Mass.) 210, the statute provided that set-off shall not be "allowed as to so much of the first execution as may be due to the attorney in that suit, for his fees and disbursements therein." The court said that this section "does not refer to counsel fees, but only to taxable costs. It is clear that the same rule is to be applied to these judgments as in the case of a set-off of executions. There the officer is to exclude from the set-off, only the bill of costs as it appears on the execution. He thus has a plain rule for guidance." And in *Newbert* v. *Cunningham,* 50 Me. 231 (79 Am. Dec. 612), the court said:

"This lien, by R. S. 1857, c. 84, § 27, is for 'so much of the * * * execution as is due to the attorney for fees and disbursements therein.' The fees must be taxed and included in the execution and the disbursements must likewise be for taxable items included *therein. Ocean Ins. Co.* v. *Rider,* 22 Pick. (39 Mass.) 410; *Woods* v. *Verry,* 4 Gray (70 Mass.), 357. But this lien does not extend to professional services other than those taxed and included in the execution."

*Davis* v. *Railway Co.,* 128 Minn. 354 (151 N. W. 128), does not help us, for the court was construing an attorney's contract of retainer which provided for remuneration of one-half the recovery after re-

imbursement for expenditures. The court held that the attorney's right of reimbursement was not "limited to taxable items of cost and disbursements, but includes any expenditure" which might be made in furtherance of the action. The construction of such a contract between attorney and client throws no light on the problem covered by our statute. By limiting the protection to taxable items, our ruling in *Fraam* v. *Kelley, supra,* and the Massachusetts and Maine decisions give the sheriff setting off executions "a plain rule for guidance."

The next problem is the computation of interest. 3 Comp. Laws 1929, § 14555 (Stat. Ann. § 27.1520), provides that

"When execution shall be issued upon any judgment or decree, interest on the amount thereof from the time of entry of the same until such amount shall be paid, shall be collected at the rate of five per cent. per annum."

Plaintiffs assert that because they were ultimately victorious, they should be entitled to interest on the costs of the first and second trials from the date of entry of the respective judgments which were vacated, citing *Flint & Pere Marquette R. Co.* v. *Board of State Auditors,* 102 Mich. 500, where it was said that the prevailing party is entitled to interest upon costs awarded in his favor from the date of the judgment or decree. It is defendants' contention that interest is to be computed only from October 11, 1935, the date on which this court affirmed the O'Donnell judgment, conditioned on remittitur of damages in excess of $1,400. It is by virtue of the last judgment rendered which became final that plaintiffs are entitled to costs (*Sawyer* v. *Studley,* 1 Walk. Ch. [Mich.] 153). Furthermore, we think that the language of 3 Comp. Laws 1929, § 14555,

allowing interest on a judgment "from the time of entry of the same" refers to the entry of the judgment which becomes final and not the date of affirmance by this court. *Flint & Pere Marquette R. Co.* v. *Board of State Auditors, supra,* does not support plaintiffs' contention. In that case, while defendant recovered judgment for costs in this court (*State* v. *Railroad Co.,* 89 Mich. 481), which judgment was affirmed with costs in the Supreme Court of the United States (*Michigan* v. *Railroad Co.,* 152 U. S. 363, 14 Sup. Ct. 586), and interest was allowed on each judgment from date of entry thereof, it is to be noted that neither of these judgments was ever reversed or vacated. The case indicates that the date of entry of a judgment starts the running of interest and not the date the judgment becomes final on affirmance. In the instant case, interest should be computed on the costs from the date of entry of judgment which was remitted in part, notwithstanding the costs were ascertained and taxed at a later date. This is so because the costs are incident to the judgment and the determination of their amount relates back and takes effect as of the time when the principal judgment was rendered. *City of Owosso* v. *Barber Asphalt Paving Co.,* 192 Mich. 122. See, also, *Saunders* v. *Tioga Manufacturing Co.,* 27 Mich. 520; *Hayden* v. *Hefferan,* 99 Mich. 262; *Flint & Pere Marquette R. Co.* v. *Board of State Auditors, supra.*

To summarize, plaintiffs, for advances made by them, are entitled to recovery to the extent of the costs taxed in favor of the plaintiffs in the O'Donnell suit, the sum of $2,373.50, less $67 advanced by O'Donnell to plaintiffs toward their expenditures in the case, plus interest on the difference from May 24, 1933, the date of entry of the final judgment. This amount may not be set off by defendants against any sums due them. However, as against

the damages awarded to plaintiffs in the O'Donnell suit in the amount of $1,400 and the $67 expenses of suit paid by them, together with accrued interest on both items, defendants are entitled to set off the judgments for costs totalling $2,259.83 with accrued interest from date of entry; and for the difference between these two items defendants may have execution against the plaintiffs in the O'Donnell suit. Some minor items of costs of comparatively small amount are in dispute, but we are constrained to confine our consideration solely to the judgments rendered in the O'Donnell cases and will not allow the taxation of additional items in this suit.

A decree in accordance herewith may be taken in this court, with costs of both courts to appellants.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, McALLISTER, and WIEST, JJ., concurred.