## Dunkelberger v. Commonwealth

*Stevens & Lee* and *Allan K. Grim*, for plaintiff.

*John S. Rhoda* and *Frederick J. Bertolet*, for defendant.

MAYS, J., March 19, 1941.—On September 28, 1937, the Governor of the Commonwealth of Pennsylvania approved a plan of relocation of the highway known as the Pottsville Pike and along the lands of Charles B. Dunkelberger, claimant. On March 25, 1939, a petition for the appointment of viewers was filed by Charles B. Dunkelberger. On April 18, 1939, the viewers assessed damages to be paid by the Commonwealth of Pennsylvania in the

sum of $1,250. The award was not confirmed nisi until September 3, 1940, and from that confirmation Charles B. Dunkelberger filed an appeal to this court.

A trial before a jury was held on October 14, 1940, and resulted in a verdict in favor of plaintiff in the sum of $2,500. The Commonwealth filed a motion for a new trial and a rule thereon was granted.

There are two questions involved, viz:

1. Did the court err in instructing the jury that it could consider and include in its verdict damages for detention from September 28, 1937?

2. Is the verdict excessive?

The trial judge was not in accord with claimant's contention that the jury should be permitted to make an allowance for detention for the period between September 28, 1937, and the date of the verdict. At the completion of his charge he did, however, at claimant's request, so charge. This was error.

This is not a case where prima facie claimant is entitled to damages for delay in payment. In Philadelphia v. Commonwealth, 276 Pa. 12, Justice Kephart said (p. 14):

"The State is not liable to pay interest on its debts unless bound by statute or by contract of its executive officers. The government is presumed to be always ready to pay, and it would be against public policy to declare it otherwise: 15 R. C. L. 17, section 14; United States v. Rogers, 255 U. S. 163, 169."

The record does not disclose any contract made by any executive officers of the Commonwealth, acting within the scope of their duly-constituted authority, as was the case in Commonwealth v. Stephens, 114 Pa. Superior Ct. 126, providing for the payment of interest. Neither has claimant called to our attention any statute that so provides.

In Conn et ux. v. Commonwealth, 28 D. & C. 611, the trial judge instructed the jury to allow interest on the award from the date of the Commonwealth's taking of the land. A rule for a new trial was made absolute.

Whether the jury here allowed a sum for detention in addition to the actual damages we are unable to say. If they did, the verdict to that extent would be excessive.

At the argument, counsel for claimant stated that if the court should be of the opinion that the charge should not have included any reference to compensation for detention, the verdict should be modified by the deduction of the interest and judgment affirmed for the balance. We will adopt that method. See Shevalier v. Postal Telegraph Company, 22 Pa. Superior Ct. 506.

And now, to wit, March 19, 1941, it is ordered and directed that the rule for new trial be discharged if claimant, within five days from this date, files a statement in which he consents to the modification of the verdict by the deduction of $388, thus leaving the verdict stand in the sum of $2,112; otherwise said rule to be made absolute.