## Brenner v. Pennsylvania Turnpike Commission

*Hon. E. M. Biddle, Jr.,* for plaintiff.

*Edwin M. Blumenthal* and *Mark E. Garber,* for defendant.

REESE, P. J., May 27, 1942.—In the construction of the Pennsylvania Turnpike the Turnpike Commission under its power of eminent domain took land of plaintiff. Thereafter, upon the petition of the Turnpike Commission, viewers were appointed to assess plaintiff's damages, and their report awarded plaintiff the sum of $1,250. Thereafter, the Turnpike Commission appealed from the award of the viewers and demanded a jury trial. The matter was tried before a jury in December 1941, and on December 9, 1941, the jury returned a verdict in favor of plaintiff for $1,500. Defendant, the Turnpike Commission, filed a motion for a new trial and on January 13, 1942, the motion was withdrawn. On January 14, 1942, on præcipe from plaintiff's attorney, judgment was entered on the verdict against defendant for $1,500, with interest from December 9, 1941. Thereafter, in March 1942, counsel for defendant offered plaintiff $1,500 in satisfaction of the judgment, but was advised that the judgment

would not be satisfied until paid in full, including interest and costs. Thereafter, on petition of defendant, the court granted a rule to show cause why defendant should not be allowed to pay $1,500, the amount of the verdict, into court and to have the judgment marked satisfied. At the oral argument on the rule it was agreed that the court should treat it as a rule to open and strike off the judgment on the ground that it included interest and costs.

The Turnpike Commission contends that it is not liable for costs or interest, because it is an instrumentality of the Commonwealth, and that the Commonwealth itself is not liable for costs or interest. Dealing first with the question of costs, we recognize that the right to recover costs depends entirely upon statute, and that the State as a sovereign is not embraced within a statute unless specifically named. Accordingly, the courts have held that the State is not liable for costs, unless liability therefor is specifically imposed by statute: Commonwealth v. Yeakel, 1 Woodw. 143; 59 C. J. 332.

The Act of May 21, 1937, P. L. 774, by which the Turnpike Commission was created, provides, inter alia, in section 4, that "The Commission is hereby constituted an instrumentality of the Commonwealth . . ." In spite of this provision, we do not feel that the Turnpike Commission is the Commonwealth, nor an integral part of it. The Act of 1937, supra, provides that the credit of the Commonwealth is not extended to the commission and that no action on the part of the commission shall impose any liability upon the Commonwealth; no funds of the Commonwealth are to be used for turnpike purposes, except such as were loaned by the Department of Highways for preliminary surveys, which loans were to be repaid to that department. The salaries of the commissioners must be paid from proceeds of the turnpike revenue bonds or from the tolls collected in the operation of the turnpike. None of the

receipts of the commission go to the Commonwealth at any time, and, on the other hand, all receipts from tolls or other sources must be used to pay the costs of operation and the revenue bonds issued; and when the latter are fully paid the turnpike becomes a free road, to be maintained at the expense of the Commonwealth. It is apparent, therefore, that the legislature created a corporation or entity which is entirely separate and apart from the Commonwealth and not an integral part of it. In its general features the Turnpike Commission is similar to the General State Authority. It was held in Kelley v. Earle et al., 325 Pa. 337, that bonds issued by the General State Authority are not debts of the State, as defined in the constitutional provisions limiting the indebtedness of the State. If this is so, the General State Authority is not an integral part of the Commonwealth, and, by the same reasoning, the Turnpike Commission cannot contend that it is an integral part of the Commonwealth.

The Turnpike Commission, as authority for its contention that it is not liable for costs in the present case, relies on an opinion by the Attorney General in Costs in Liquor Control Board Cases, 36 D. & C. 397. That opinion states that the general statutes concerning the recovery of costs are not applicable to the Commonwealth and that the Liquor Control Act does not specifically impose liability for costs upon the Commonwealth. Hence it was concluded that costs could not be imposed upon the Pennsylvania Liquor Control Board. We do not feel that this opinion is conclusive upon the present question, because the Pennsylvania Liquor Control Board is an integral part of the Commonwealth and hence entitled to the Commonwealth's exemption from costs, unless specifically imposed by some statute.

Even if we were to regard the Turnpike Commission as an integral part of the Commonwealth, nevertheless, we find that section 3 of the Act of 1937, supra, indicates that costs are to be paid by the Turnpike Commission in a case such as the present, where land has

actually been taken and used for turnpike purposes. Section 3 (d) provides:

"The term 'cost of the turnpike' shall embrace . . . the cost of all lands, properties rights, easements and franchises acquired . . . and the condemnation of property necessary for such construction and operation."

This language distinguishes the costs of land and properties from the cost of condemnation. Inasmuch as section 6 releases the commission from the obligation of accepting and. paying for any land condemned or any incidental costs, it is apparent that it was intended that the commission should pay the costs of condemnation proceedings where, as here, the property condemned was accepted and used.

The Act of June 21, 1939, P. L. 651, 36 PS §2442, provides: "In all matters, proceedings, and hearings before the courts of common pleas relating to the exercise of the right of eminent domain, and in the laying out, opening, viewing, and reviewing of public or private roads, and claims for damages to property by reason of the exercise of the right of eminent domain, it shall be lawful for the court hearing such proceedings to make such orders relative to the payment of the necessary costs incurred as to the court shall appear right and just."

We agree with Judge Boose, who held in Addison Borough School District v. Commonwealth, 41 D. & C. 378, that, because the exercise of the power of eminent domain by the Commonwealth itself in highway matters is becoming more frequent, the legislature intended the Act of 1939, supra, by necessary implication, to include the Commonwealth whenever it is a party to such proceeding. The Act of 1939 gives the court wide discretionary powers in determining who shall pay the costs in a proceeding such as is now before us. It seems right and just that the Turnpike Commission should pay the costs, inasmuch as it appealed from the

award of the viewers and the appeal resulted in a verdict in excess of the award.

Passing to the question of interest on the verdict, the Turnpike Commission contends that, because it is an instrumentality of the Commonwealth, it is entitled to the exemption of the Commonwealth in the matter of interest. As already pointed out, the Turnpike Commission is not an integral part of the Commonwealth, and, therefore, cannot rely on the rule that the State is not liable for interest unless such liability is specifically imposed by statute. The theory or condition upon which the State is exempted from interest does not seem to exist in the present case.

"The theory on which interest is allowed . . . is that it is damages for delay or default in payment by the debtor . . . The government is presumed to be always ready to pay, and it would be against public policy to declare it otherwise . . . :" Philadelphia v. Commonwealth, 276 Pa. 12, 14.

The legislature, in the Act of 1937, supra, which created the Turnpike Commission, provides for the possibility that the commission cannot pay some of its obligations, for it is provided in section 8 that, "If the proceeds of such bonds by error of calculation or otherwise, shall be less than the cost of the turnpike, additional bonds may . . . be issued . . ." Even if we were to regard the Turnpike Commission as an integral part of the Commonwealth, we feel that there is specific statutory authority that the Commonwealth should pay interest on verdicts in cases like the present. In Puloka v. Commonwealth et al., 28 D. & C. 367, Judge Hargest pointed out that when the Commonwealth, through the legislature, provides for interest in all eminent domain proceedings, and itself directly exercises that attribute of sovereignty, it subjects itself to interest. It was also held by Judge Sheely, in Troetschel et ux. v. Pennsylvania Turnpike Commission, 42 D. & C. 593, that the commission is liable for

interest on a verdict against it and in favor of a plaintiff in an action to recover damages for the taking of land.

In a recent opinion by a Deputy Attorney General, Interest on Occupational Disease Awards, 43 D. & C. 29, it was pointed out that in the case of Nardone et al. v. United States, 302 U. S. 379, the principle that the sovereign is not affected by a statute in which it is not expressly named was considerably limited to the provisions of a statute which deprive a sovereign of a recognized or established prerogative. The court further called attention to the fact that the principle is less stringently applied where the operation of the law is upon agents or servants of the Government rather than upon the sovereign itself.

And now, May 27, 1942, the rule heretofore granted, treated as a rule to open and strike off judgment, is hereby discharged.