ALLES v. POLK MANOR COMPANY.

1. LANDLORD AND TENANT—FEDERAL RENT CONTROL—EXCESS RENT—HOTELS.

Finding of trial court that defendant's housing accommodations did not constitute a hotel excepted from the Federal housing and rent control act *held*, sustained by testimony in suit to enjoin collection of alleged excess rent, hence, excess rent impounded by the court belongs to plaintiff tenants (50 USCA, App, § 1892 [c] [1] [A]).

2. COURTS—MOOT CASES—UNDECIDED ISSUES.

A case does not become moot where there is an undecided issue as to ownership of funds impounded by the court during period while cause has been pending, although there has been a termination of the statute which gave rise to the dispute as to such ownership (50 USCA, App, § 1892 [c][1] [A]).

3. LANDLORD AND TENANT—FEDERAL RENT CONTROL ACT—ENFORCEMENT.

The power of the Federal government to enforce the Federal housing and rent control act by use of the injunction is not the exclusive remedy under all circumstances (50 USCA, App, § 1892 [c] [1] [A]).

4. INJUNCTION—FEDERAL RENT CONTROL—JURISDICTION—DISTRIBUTION OF IMPOUNDED FUNDS—TRANSFER OF CAUSES.

A State circuit court which originally had jurisdiction, because of inadequacy of other remedies, to enjoin landlord from collecting rent in excess of amount authorized by the Federal housing and rent control act has jurisdiction to direct disposition of impounded funds after termination of the act and need not transfer the case to the law side of the court for entry of judgment for the 40 plaintiffs in the case who had been properly joined (50 USCA, App, § 1892 [c] [1] [A]).

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4]  32 Am Jur, Landlord and Tenant § 1036.
[1, 3, 4]  Federal Housing and Rent Act of 1947 and amendments.
  . 10 ALR2d 249.
[2]  1 Am Jur, Actions § 19; 14 Am Jur, Courts § 49.
[5]  39 Am Jur, Parties § 24.
[6]  19 Am Jur, Equity § 127.

5. Parties — Action — Joinder — Convenient Administration of Justice.

> Parties and causes may be joined where the result would be to promote the convenient administration of justice.

6. Equity—Jurisdiction—Final Disposition of Case.

> A chancery court's jurisdiction, once established over the subject matter, continues for the purpose of making final disposition of the case.

Appeal from Wayne; Webster (Arthur), J. Submitted April 14, 1954. (Docket No. 40, Calendar No. 45,830.) Decided June 7, 1954.

Bill by H. F. Alles and a group of tenants against Polk Manor Company, a corporation, to restrain collection of rents in excess of those established by Federal control. E. Melcher and others intervene as parties plaintiff. Temporary order directed payment of excess to clerk of court. Bill dismissed. Plaintiffs and intervenors appeal. Defendant files conditional cross appeal because of adverse finding of fact. Reversed with provision that decree be entered and case remanded for distribution of impounded funds to plaintiffs and intervenors.

*Kahn & Kahn,* for plaintiffs and intervenors.

*Irwin I. Cohn (Avern Cohn* and *John Sklar,* of counsel), for defendant.

Boyles, J. Plaintiffs, about 40 in number, tenants in Polk Manor, a housing building in Detroit owned by the defendant corporation, filed this bill of complaint to enjoin the defendant from charging rent beyond what plaintiffs claimed was lawful under the Federal housing and rent control act of 1947, as amended. Defendant claims, *inter alia,* that the chancery court did not have jurisdiction, that the relief provided by said act gave the injunctive rem-

edy solely to the Federal government, and that the tenants had only a remedy at law for damages. The defendant also claims that the building in question was specifically excluded by the terms of said Federal act, being a hotel under the definition in section 202(c)(1)(A) of said act, and that therefore the act had no control over the maximum rentals which the landlord might lawfully charge. The defendant asked that the bill be dismissed for those reasons.

Pending adjudication of their rights as to what were the lawful maximum amounts of rentals, the court by consent of parties entered an order on a motion for a temporary injunction directing the plaintiffs to pay to the clerk of the court the difference between what the plaintiffs claimed was the maximum lawful rent under the act and the greater amount demanded by the defendant on its claim that the act did not control. Because of later events, to which reference will be made, the final disposition of this rent money, amounting to about $7,500, which is still impounded with the clerk of the court, remains as the only real cause for controversy in the case.

The trial court, after a hearing on the merits and taking considerable testimony, filed an opinion finding that under the facts adduced the defendant's building, called Polk Manor Apartments, was not a hotel within the definition in the act and that consequently it was not excepted from control under the act, as it would otherwise be if it were a hotel. The act (50 USCA, Appendix, § 1892[c][1][A]) defines hotel as follows:

"As used in this title—* * *

"(c) The term 'controlled housing accommodations' means housing accommodations in any defense-rental area, except that it does not include—

"(1) (A) those housing accommodations, in any establishment which is commonly known as a hotel in

the community in which it is located, which are occupied by persons who are provided customary hotel services such as maid service, furnishing and laundering of linen, telephone and secretarial or desk service, use and upkeep of furniture and fixtures, and bellboy service."

The testimony as to the manner in which Polk Manor was managed need not be recited in detail. Our review of the testimony confirms the conclusion of the trial court that Polk Manor was not a hotel within the above definition. The testimony shows that Polk Manor was not commonly known as a hotel in the community, nor did the landlord provide such customary hotel services as maid service, secretarial or desk service, use and upkeep of furniture and fixtures, or bellboy service. These services were performed by the individual tenants. We agree with the finding of the trial court that Polk Manor was not excepted from rent control as a hotel within the meaning of the act, and that consequently the maximum rentals which might lawfully be demanded of the tenants were under the control of the act. The rent money paid by the plaintiffs, now impounded with the court, representing the excess between the maximum lawful rent which could be charged under the act and the amount actually paid in to the clerk of the court by plaintiffs under the aforesaid order of the court, belongs to the plaintiffs. No difficulty should arise in its distribution by the trial court, inasmuch as schedules were agreed upon and filed with the clerk showing the amount in dispute which each individual paid in.

While suit was pending, Federal rent control over Polk Manor, along with other rent controls in Detroit, was terminated September 30, 1952. The defendant claims that because of that fact the question raised by the plaintiffs in filing their bill of

complaint has become moot and that for that reason the bill of complaint should be dismissed. Doubtless that would be true if it were not for the undecided issue in the case as to the ownership of the rent money still impounded with the court. Its ownership and final distribution depends upon whether it exceeds the amount of rent which the defendant might lawfully have demanded and received under the act. Inasmuch as we agree with the trial court that the excessive demands of the defendant corporation were unlawful, as a result of which this money belongs to the plaintiffs, it still remains for the court to decree its return to the plaintiffs. That issue did not become moot when rent control was terminated in Detroit, pending final decision in this case. Defendant argues that the chancery court did not, and does not, have jurisdiction to decree its return, and the trial court so found. We do not agree that the circuit court in chancery did not have original jurisdiction of the subject matter. While the Federal housing and rent control act gives the Federal government the power of enforcement by injunction, it is not an exclusive remedy under the present circumstances of this case, nor is it required that the plaintiffs now be relegated to suits at law to recover the excess in rentals unlawfully demanded by the defendant, and paid, which is now impounded with the clerk under the order of the trial court. Nothing could be gained by a dismissal, or by a transfer of this case to the law side of the court for the purpose of having judgment entered for the individual plaintiffs in the case. Parties and causes may be joined where the result would be to promote the convenient administration of justice. *Goodrich* v. *Waller,* 314 Mich 456; *Gilmer* v. *Miller,* 319 Mich 136; *Higdon* v. *Kelley, ante,* 209. In this case, the same result may be accomplished by the trial court, as in a suit by plaintiffs in the law side of the court, under the

decree entered by it, whereby the trial court expressly continued in effect its order permitting the plaintiffs to pay the excess rentals into court to abide the final outcome of the case. In its decree, the trial court expressly provided that, upon final determination of the cause, an application might be made to the trial court for the proper disposal of said funds under the terms of said order.

Plaintiffs' only adequate remedy when the bill was filed was by injunctive proceedings in chancery. Their only remedy at law would have been to have each tenant pay his excess rent to the defendant, then bring suits at law to recover the sums paid. The trial court accomplished the same result in the instant case, when the parties consented to have the excess rentals paid into court and impounded to abide the final outcome of the case. The chancery court's jurisdiction over the subject matter continues for the purpose of making final disposition of the case.

The decree is reversed to the extent that it dismisses the bill of complaint and a decree to the contrary may be entered in this Court decreeing that the Polk Manor was not a hotel, was not excepted from rent control under the provisions of the Federal act, that the impounded funds belong to the plaintiffs and intervenors, and that the case be remanded to the trial court for proper distribution of said funds to them in accordance with its order, and the conclusions reached herein. Costs to appellants.

Butzel, C. J., and Carr, Bushnell, Sharpe, Reid, Dethmers, and Kelly, JJ., concurred.