## HOLMES *v.* BOROWSKI.

1. PLEADING—AMENDMENTS—JOINING TORT AND ASSUMPSIT—DIS-
CRETION OF COURT.

It was within the discretion of the trial court to allow
an amendment to a declaration counting on fraud as
a basis of rescission of a contract, to count on rescission
by mutual consent and acquiescence.[1]

2. APPEAL AND ERROR—SUPREME COURT MAY AMEND PLEADINGS TO
PREVENT MISTRIAL.

While the Supreme Court may not permit an amendment
to a declaration which will work a reversal, it may make
amendments on its own motion to prevent a mistrial.[2]

3. ACTION—ACTIONS IN TORT AND ASSUMPSIT MAY BE JOINED.

Under the judicature act (3 Comp. Laws 1915, § 12309)
and Circuit Court Rule No. 22, actions in tort and assump-
sit may be joined in one action.[3]

4. APPEAL AND ERROR—SUPREME COURT MAY AMEND PLEADING TO
SAVE JUDGMENT.

Where plaintiffs' declaration counted on fraud as a basis
for the rescission of a contract, but their counsel in his
opening statement also claimed the right to recover on
the theory of rescission by mutual consent and ac-
quiescence, and from the record it is apparent that both
parties put in all their testimony on both theories, it
is proper, on review of a judgment for plaintiffs, to permit
an amendment of the declaration to cover rescission by
mutual consent (3 Comp. Laws 1915, §. 12480).[4]

5. SALES—CONTRACTS—BUYER ENTITLED TO REFUND OF PAYMENTS
WHEN CONTRACT MUTUALLY RESCINDED.

Where there is a mutual rescission of an executory con-
tract of sale under which the buyer has made part pay-
ments, in the absence of any express or implied agreement
to the contrary, the buyer is entitled to the return of the
payments made.[5]

[1]Pleading, 31 Cyc. p. 414; [2]Appeal and Error, 4 C. J. § 2639;
[3]Actions, 1 C. J. § 244; [4]Appeal and Error, 4 C. J. § 2640; [5]Sales,
35 Cyc. p. 159.

6. SAME—CONTRACT MAY BE RESCINDED BY MUTUAL CONSENT WITH-
OUT FORMAL AGREEMENT.

> The rescission of a contract by mutual consent does not
> require a formal agreement or release, but may result
> from any act or any course of conduct of the parties which
> clearly indicates their mutual understanding that the con-
> tract is abrogated or terminated, or from the acquiescence
> of one party in its explicit repudiation by the other.[6]

7. SAME—TRIAL—INSTRUCTIONS—CHARGE CONSIDERED AS ENTIRETY.

> The charge of the court, considered in its entirety, *held*,
> to present no reversible error.[7]

8. SAME—CONTRACTS—RESCISSION—PLACING SELLER IN STATU QUO
—VALUE OF GOODS NOT RETURNED MAY BE DEDUCTED.

> In an action for the amount paid on a contract for the
> purchase of a restaurant, where the contract was rescinded
> by mutual consent, plaintiffs' right of action was not de-
> feated because they could not place defendants *in statu
> quo* by reason of the fact that they had used some of the
> stock while in possession, but the trial judge properly in-
> structed the jury to make a deduction of the proper
> amount, which was not in dispute.[8]

Case-made from Kent; Dunham (Major L.), J.
Submitted October 14, 1925.    (Docket No. 63.)    De-
cided December 22, 1925.

Assumpsit by Catherine M. Holmes and another
against Floyd W. Borowski and another for money
paid on a contract of sale.    Judgment for plaintiffs.
Defendants appeal.    Affirmed.

*Linsey, Shivel & Smedley,* for appellants.

*Clare J. Hall,* for appellees.

FELLOWS, J.    Plaintiffs, claiming they had been
induced by the fraud of defendants to enter into an
agreement to purchase a restaurant business of them
in Grand Rapids and to make a down payment on the

[6]Sales, 35 Cyc. p. 130; [7]Trial, 38 Cyc. p. 1778; [8]Sales, 35 Cyc.
p. 608 (Anno).

purchase price of $700, gave written notice of rescission 11 days after they took possession and delivered to defendants the keys to the building. The same day or early the following morning defendants took possession of the business and have since run it and have offered to sell it. The parties evidently used a blank form of contract ordinarily used in the sale of real estate in making their agreement; it contains the usual provisions for payment of taxes, provisions for forfeiture, etc. Plaintiffs' declaration set up the fraud claimed, the notice of rescission and alleges that they:

"tendered the property back to the defendants, and the defendants have taken possession thereof."

The case is here reviewed on case-made which contains but a small portion of the testimony; it does contain the opening statements of both counsel followed by this:

"Witnesses were then sworn on behalf of plaintiffs to maintain the allegations set forth in plaintiffs' declaration and the claims made in the opening statement of counsel for plaintiffs.

"Witnesses were sworn on behalf of defendants to maintain the claims as set forth in the opening statement made by counsel for defendants."

Without detailing at length, it may be said that plaintiffs' counsel in his opening statement claimed the right to recover on two theories, one on the ground of fraud, which was the basis of notice of rescission, and the other on the ground of rescission by mutual consent and acquiescence; defendants' counsel in his opening statement denied there was any fraud and insisted defendants took possession of the property solely pursuant to their rights under the terms of their contract.

Plaintiffs' declaration counted on fraud as a basis of rescission, but, strictly speaking, it did not count

on rescission by mutual consent and acquiescence. It was, however, within the discretion of the trial court to allow an amendment, and while this court can not permit an amendment which will work a reversal, it may here make amendments on its own motion to prevent a mistrial. *Johnson* v. *County of Muskegon,* 195 Mich. 722, and authorities there cited in the prevailing opinion. But defendants' counsel insist an amendment changing the action from tort to assumpsit may not be permitted and numerous of our holdings are cited. There can be no question but that this court prior to the enactment of the judicature act frequently held that an amendment could not be permitted which changed the action from tort to assumpsit or *vice versa*. But by the judicature act (3 Comp. Laws 1915, § 12309; Circuit Court Rule No. 22) actions in tort and assumpsit may now be joined in one action. From what the record does disclose it is apparent that the facts as to the fraud charged, and the claimed rescission, were exclusively within the knowledge of the parties and as the case-made recites that witnesses were sworn and gave testimony sustaining the theory of both parties as appeared from the opening statements of counsel, we cannot assume that the parties were not given a free range in introducing testimony to sustain their respective theories. There is found in the record portions of the testimony of the defendants, and both of them were sworn, which is not inconsistent with the theory of rescission by mutual consent and acquiescence; nor is it inconsistent with their own theory. From what the record does disclose it is fairly apparent that both parties put in their testimony, and all they had on both theories of the case. Under such circumstances, it is proper to here permit an amendment (3 Comp. Laws 1915, § 12480).

There are several assignments of error dealing with

the charge as given and requests preferred on the question of rescission by mutual consent and acquiescence. The rules on the subject of mutual rescission are fairly stable. In 24 R. C. L. p. 276 it is said:

"The mutual rescission of an executory contract of sale puts an end to any obligation of the parties further to perform or liability for the nonperformance of the contract. And though the sale is executed so as to pass title, a mutual rescission and return of the property to the seller releases the buyer from any liability for the price. A mutual cancellation, the seller taking back the subject-matter, and the buyer taking back notes given for the price, will, as between the parties, as effectually revest the title in the seller as would the most formal transfer. Where there is a mutual rescission of an executory contract of sale under which the buyer has made part payments, the view has been taken that, in the absence of any express or implied agreement to the contrary, the buyer is entitled to the return of the payments made."

And in 2 Black on Rescission, § 528, it is said:

"The rescission of a contract by mutual consent does not require a formal agreement or release, but may result from any act or any course of conduct of the parties which clearly indicates their mutual understanding that the contract is abrogated or terminated, or from the acquiescence of one party in its explicit repudiation by the other."

*Davis* v. *Strobridge*, 44 Mich. 157, involved an oral contract for the sale of land, possession of which had been taken by the vendee and some payments had been made. He desired a written contract which defendant refused to give, defendant notifying him that unless he paid the whole residue of the purchase price within 20 days he would dispossess him of the premises; plaintiff acquiesced in this notice, vacated the premises and brought suit to recover what he had paid upon the theory of acquiescence by him in the rescission

of the contract.    He was permitted to recover, the court saying:

"The contract of sale became a valid one by part performance (*Scott* v. *Bush*, 26 Mich. 419), and when the defendant proceeded to take measures to oust the plaintiff and put an end to the contract, the latter was at liberty to acquiesce and consider it as determined by the former.    This he did, and as a consequence there was a failure of consideration for the purchase money which had been paid, and the defendant became liable to pay it back under the equitable count for money had and received, and according to our previous decisions the allowance of the interest was not illegal."

In *Ives* v. *Bank of Lansingburg*, 12 Mich. 361, the vendee in a land contract had given notes for the purchase price which had been transferred to and were held by the bank.    Subsequently he gave a quitclaim deed of the premises purchased to the bank which accepted it.    It was held (we quote from the syllabus):

"Where the vendor in an executory contract for the purchase of lands receives from the vendee a quitclaim deed of the lands, this is a rescission of the contract; and he can not afterwards maintain an action on notes which were given for the purchase price."

In the recent case of *Walter-Wallingford Coal Co.* v. *A. Himes Coal Co.*, 223 Mich. 576, defendant, who had a contract with plaintiff for coal, wired plaintiff to complete shipments by a certain date or cancel the contract.    The plaintiff acquiesced in the request to cancel the contract and we held the contract was rescinded and inasmuch as defendant had not reserved his right to claim damages for the breach of the contract, none could be allowed; the contract was at an end.    See, also, *Kirkland* v. *Oates*, 25 Ala. 465; *Mowry* v. *Kirk & Cheever*, 19 Ohio St. 375; *Porter* v. *Vaughn*, 26 Vt. 624.

The charge of the trial judge taken as a whole fairly stated to the jury the law of the case as outlined above. Certain excerpts taken alone may be subject to criticism, but we must consider it in its entirety and when so considered it presents no reversible error.

We have noted the fact that plaintiffs operated the restaurant for 11 days. During this time some of the stock was sold and was replenished in part only. Defendants insist plaintiffs did not and could not place defendants *in statu quo* and for that reason could not rescind. The trial judge, however, directed the jury to make a deduction of the proper amount, which was not in dispute. This was in accordance with our holding in *Zadel* v. *Simon*, 221 Mich. 180, and the authorities there cited. In that case it was said:

"The personal property was not mentioned in the contract, but it is undisputed that it was included in the deal. Some feed was used up; some potatoes which were of little value were fed to the hogs; a few apples were also consumed. This rendered it impossible to tender to defendants all that was received by plaintiff. Defendants' counsel insist that inasmuch as plaintiff could not under these circumstances place defendants *in statu quo* he can not rescind. The trial judge entertained the view that plaintiff's inability to return these small items did not defeat his right to recover and that the jury might deduct the value of the property consumed. This view is in accordance with the holdings of this court."

The judgment will be affirmed.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.