GILMER *v.* MILLER.

1. PLEADING—ALLEGATIONS OF FACT IN BILL TAKEN AS TRUE ON MOTION TO DISMISS.

On motion to dismiss declaration, the allegations of fact properly pleaded and inferences to be drawn therefrom must be taken as true and construed in the light most favorable to plaintiffs.

2. SAME—BILL OF PARTICULARS—SCOPE OF RECOVERY.

Generally, a bill of particulars may restrict, but not enlarge, the scope of recovery permissible under the declaration.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—SPLITTING CAUSES OF ACTION ON CONTRACT.

Where defense of splitting causes of action is not directly involved in case at bar on appeal from order of trial court in effect dismissing plaintiffs' cause of action under written contract to pay commissions for sale of real estate on instalments, for payments made subsequent to a certain date, it is unnecessary to determine whether or not such order effected a splitting of plaintiffs' cause of action (3 Comp. Laws 1929, § 13962).

4. PARTIES—JOINDER OF PLAINTIFFS—COMMON LAW—STATUTES.
   While at common law successive plaintiffs who sought recovery of respective successive payments they had made under a single written executory contract because of defendant's alleged fraud could not be joined in the same action, under the judicature act such plaintiffs may properly be joined in order to promote the convenient administration of justice (3 Comp. Laws 1929, § 13962).

5. SAME—MISJOINDER.
   Each case of alleged misjoinder of parties must be determined largely on its own facts (3 Comp. Laws 1929, § 13962).

6. SAME—JOINDER OF PLAINTIFFS—MAKERS OF SUCCESSIVE PAYMENTS UNDER WRITTEN EXECUTORY CONTRACT.
   Plaintiffs who had made successive payments under a written executory contract to pay commission for the sale of real estate were properly joined in one case where it appears defendant will not be prejudiced, that he was the agent of each, that he breached the duty owing to all and the factual issues are not complicated, as the rights of the parties may and should be determined in one action in order to promote the convenient administration of justice (3 Comp. Laws 1929, § 13962).

Appeal from Wayne; O'Hara (Chester P.), J. Submitted June 4, 1947. (Docket No. 27, Calendar No. 43,697.) Decided October 13, 1947.

Assumpsit by Charles F. Gilmer, Ilah I. Johnson and Noble M. Gilmer against Peter A. Miller for money paid to defendant as agent of plaintiffs. From order dismissing counts one and three, plaintiffs Ilah I. Johnson and Noble M. Gilmer appeal. Reversed and remanded.

*Thomas B. Moore,* for plaintiffs.

*Frederick McGraw,* for defendant.

CARR, C. J.    Plaintiffs brought suit in the circuit court for the recovery of certain moneys that they claimed to have paid to defendant as their agent in

a real estate transaction. The declaration, which was in assumpsit, contained three special counts and, also, the common counts. Defendant filed an answer admitting the receipt of the payments in question but denying other material averments in the declaration. Defendant also filed and submitted a motion to dismiss, asserting, among other grounds, a misjoinder of parties plaintiff. The motion was sustained as to the first and third counts of the declaration and in part as to the common counts. Leave having been granted, plaintiffs Ilah I. Johnson and Noble M. Gilmer have appealed.

In determining the question presented on the appeal, the material allegations of fact properly pleaded in the declaration and inferences to be drawn therefrom must be taken as true and construed in the light most favorable to plaintiffs. *American State Bank of Detroit* v. *Aaron,* 271 Mich. 147 (100 A. L. R. 1266) ; *Doyle* v. *Kammeraad,* 310 Mich. 233. It appears from the pleading that on August 15, 1941, the plaintiffs Charles F. Gilmer and Ilah I. Johnson were the owners of two parcels of real estate in the city of Dearborn, said parcels being referred to in the record as the Tuxedo and Marvin Hotels. The defendant was a licensed real estate broker. Desiring to sell the property in question, the owners employed defendant, in conjunction with another real estate broker, to procure a purchaser. As a result of the brokers' efforts a preliminary agreement for land contracts was negotiated with the Dix Realty Company. On the same day plaintiffs Johnson and Charles F. Gilmer executed their promise in writing to pay the said real estate agents or brokers the regular Detroit Real Estate Board commission, plus an amount equal to one instalment of taxes on the premises "under the so-called ten-year plan." A copy of this under-

taking on the part of plaintiffs is attached to the declaration as exhibit 1; and from notations thereon it appears that the amount of said commission was the sum of $5,150 and the additional payment was $150 per month. It does not appear that there is any dispute as to said amounts.

The land contracts contemplated by the preliminary agreement negotiated with the Dix Realty Company were delivered September 2, 1941. At that time plaintiffs Johnson and Charles F. Gilmer paid to defendant the sum of $2,575 as his one-half of the commission. Thereafter monthly payments in the sum of $75 were made by said plaintiffs to defendant until February, 1942, the aggregate sum of such payments being $375.

Under date of February 11, 1942, plaintiff Charles F. Gilmer executed to plaintiff Johnson a conveyance of his interest in the Tuxedo Hotel property and an assignment of his interest under the land contract with the Dix Realty Company; and at the same time said plaintiffs joined in a like conveyance of the Marvin Hotel to the plaintiff Noble M. Gilmer, and assigned to him their respective interests under the land contract for the conveyance of the property. Following such conveyances and assignments plaintiffs Johnson and Noble M. Gilmer paid to defendant, pursuant to the agreement evidenced by exhibit 1 attached to the declaration, monthly payments aggregating $975.

It is plaintiffs' theory, as indicated by the allegations of the declaration, that plaintiffs Johnson and Charles F. Gilmer were obligated for the commission under the agreement that they signed; that the payments made to defendant prior to the conveyances and assignments in February, 1942, were joint payments; that as a result of the last-mentioned transactions Noble M. Gilmer was sub-

stituted for Charles F. Gilmer under the agreement for the payment of a commission to defendant; and that plaintiffs Noble M. Gilmer and Ilah I. Johnson thereafter jointly undertook and continued the performance of said undertaking, with the consent of the defendant. It is further alleged in substance that, by virtue of the agreement and the dealings between them, the agency relation existed as between defendant and all three plaintiffs.

Plaintiffs further assert as the basis for their rights of action against defendant that he 'breached the fiduciary duty that he owed to them, and each of them, as their agent. It is alleged in this regard that the Dix Realty Company had not been formally incorporated at the time of the execution and delivery of the land contracts, that on the date of such delivery the contracts were assigned to defendant Miller, Emanuel J. Harris, and Alice K. Harris, and that the assignments were executed on behalf of the corporation, or purported corporation, by Emanuel J. Harris as president and defendant Miller as vice-president. It is further asserted that defendant was at the time secretary of the Dix Realty Company. Based on these allegations it is the claim of plaintiffs that defendant was interested personally in the purchase of their property, which fact he failed to disclose to them. Plaintiffs aver that they made the payments to defendant, which they seek to recover in this action, prior to any knowledge on their part of the deception practiced on them.

The first count of the declaration sets forth fully the claims of the plaintiffs and seeks recovery for their benefit of the moneys paid. The second count, which the order of the trial court permitted to stand, asserts a cause of action on behalf of plain-

tiffs Johnson and Charles F. Gilmer for payments made by them jointly; and the third count alleges a like cause of action on behalf of plaintiffs Johnson and Noble M. Gilmer for the payments that they made subsequent to February, 1942. The trial judge concluded, as appears from his opinion, that there was no joint cause of action as between Noble M. Gilmer and either of the other plaintiffs, and that in consequence there was a misjoinder of parties plaintiff. In accordance with such conclusion he struck out the first and third counts and limited the common counts to the joint claim of plaintiffs Johnson and Charles F. Gilmer. It should be noted in this connection that a bill of particulars was attached to the declaration setting up the various sums received by defendant under the agreement for compensation, prior to the conveyance made in February, 1942, as averred in count two of the declaration, and the payments made subsequent to February, 1942, covered by count three. Obviously the incorporation of the common counts in the declaration added nothing to the preceding special counts. The bill of particulars limited the scope of permissible recovery thereunder in accordance with the general rule that such a bill may restrict, but not enlarge, the scope of recovery permissible under the declaration. *Applebaum* v. *Goldman,* 155 Mich. 369; *Cook* v. *Dade,* 191 Mich. 561.

Under the order of the trial court any claim on behalf of plaintiff Noble M. Gilmer is wholly eliminated from the case, and a like situation obtains as to any right of action, joint or several, on behalf of plaintiff Johnson for the payments made by her to defendant subsequent to February, 1942. In discussing the practical situation that may arise if the

latter plaintiff institutes another suit, either alone or in conjunction with the other appellant, her counsel says in his brief:

"Since she was a party to the original contract of agency, another and separate action by her for the return of the commission paid by her to defendant after the assignments of the vendors' interest in the land contracts (she, herself, being one of the assignors but retaining her interest in the recovery of any moneys paid under a claim of fraud practised upon her), according to all the decisions of this Court, would be splitting her cause of action. If the lower court's decision and order stand, that is the defense she will be met with upon the bringing of another action for that part of her payments made to her unfaithful agent after the time of the assignments."

As stated by counsel, all payments by plaintiff Johnson to defendant were made under the terms of the written promise to pay the commission. Said plaintiff did not at any time, assign, or attempt to assign, any right that she had to recover the money so paid, or any portion thereof. The declaration expressly negatives any such assignment by plaintiff Johnson or by plaintiff Charles F. Gilmer. However, whether the defense suggested by counsel to an action by plaintiff Johnson to recover payments made by her after February, 1942, would suffice to defeat recovery is not directly involved in the case at bar. Under the circumstances presented it is not necessary to determine the question.

Counsel have called attention to 3 Comp. Laws 1929, § 13962 (Stat. Ann. § 27.591), which reads in part as follows:

"The plaintiff may join in any one action, at law or in equity, as many causes of action as he may have against the defendant, but legal and equitable causes of action shall not be joined; but when

there is more than one plaintiff, the causes of action joined must be joint, and if there be more than one defendant, the liability must be one asserted against all of the material defendants, or sufficient grounds must appear for uniting the causes of action in order to promote the convenient administration of justice.''

The application of common-law principles in the instant case would require a determination that there is a misjoinder of parties plaintiff. 15 Encyclopedia Pleading & Practice, p. 540. The language above quoted from our present statute as to joinder of actions and parties is broad in its provisions and goes far beyond the practice previously observed. *Otto* v. *Village of Highland Park*, 204 Mich. 74, 81. It was construed by the Court in *Goodrich* v. *Waller*, 314 Mich. 456. Counsel for defendant points out that this was an equity case. It will be noted, however, that the statute applies to actions at law as well as in equity. There, the plaintiffs had executed separate assignments of their respective interests in their brother's estate. They joined in a suit to set aside said assignments on the ground that they, and each of them, had been induced to execute the instruments because of fraudulent misrepresentations on the part of the defendant. It was contended by defendant that there was a misjoinder of parties plaintiff, that each plaintiff was concerned merely in having her assignment set aside to the end that she might recover her interest in the estate, and that neither plaintiff was interested in the alleged cause of action of the other. It was held, however, that the causes of action could properly be joined under the statute, ''in order to promote the convenient administration of justice.''

While each case of this nature must be determined largely on its own facts (*Torrent* v. *Hamilton*, 95 Mich. 159), we think that the ends of justice in the

case at bar will properly be served by permitting the plaintiffs to proceed to trial on the declaration as filed. It does not appear that defendant will in any way be thereby prejudiced. In fact, it would seem to be to his advantage to have the issues involved tried in one proceeding rather than in two or three separate suits. As before noted it is the claim of plaintiffs that the defendant was the agent of each and all of them, and that he breached the duty owing to all. The action is one to recover moneys paid by the plaintiffs under the same contract. The receipt of all payments claimed by plaintiffs to have been made by them to defendant is admitted by the answer; and the factual issues actually in controversy are not complicated. The rights of the parties may and should be determined in a single action. The facts clearly indicate that the "convenient administration of justice" will thereby be promoted. See *County of Cass* v. *Shattuck*, 288 Mich. 555.

The conclusion above indicated rests on the basis of the somewhat unusual factual situation involved in the case at bar. The question at issue is one that must be determined in each instance where it arises, in the light of the circumstances and in accordance with the purpose sought to be served by the statute above quoted. The case is remanded to the circuit court with directions to vacate the order from which the appeal has been taken. Plaintiffs will recover costs.

BUTZEL, BUSHNELL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.