BROWN v. FORRESTER CONSTRUCTION COMPANY.

1. PARTIES—ACTION—JOINDER—CONVENIENT ADMINISTRATION OF JUS-
TICE.

Joinder of parties and of causes of action may be made to pro-
mote the convenient administration of justice (CL 1948,
§ 608.1).

2. SAME—ACTION—JOINDER—CONVENIENT ADMINISTRATION OF JUS-
TICE—WITNESSES.

The joinder, as parties plaintiff, of heating subcontractor and
indemnity insurer, as assignee of part of such subcontractor's
claim against defendant under 1 contract, with such subcon-
tractor against the same defendant on claim under another
contract *held*, properly based on the promotion of the con-
venient administration of justice, since the parties are the
same, and proofs as to the alleged oral agreements for extras
are made and contested by approximately the same witnesses
in each instance and it does not appear that defendant was
prejudiced (CL 1948, § 608.1).

3. WORK AND LABOR—GRAVELING OF PARKING LOT—EVIDENCE.

Issues as to whether or not graveling of a parking lot was work
performed by plaintiff heating subcontractor pursuant to an
oral agreement for extra work *held*, properly submitted to
jury under evidence presented in action for work and labor
for extras under subcontract.

4. SAME—CHANGES IN WALL MATERIAL.

Whether or not changes in wall material and measurements in
construction contract was done by plaintiff subcontractor on

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  39 Am Jur, Parties § 24 *et seq.*
[3, 4, 6, 8, 9]  58 Am Jur, Work and Labor § 34.
[10]  58 Am Jur, Work and Labor § 59.
[11]  4 Am Jur 2d, Appeal and Error §§ 411, 412.
[12]  30 Am Jur, Interest §§ 46, 47.
[13]  5 Am Jur 2d, Appeal and Error § 1009 *et seq.*

special order under new blueprints furnished by defendant contractor *held*, properly submitted to jury in action for work and labor for extras under subcontract.

5. SAME—REPAIR OF DRAINS—JOINDER OF TORT ACTION.

Claim by subcontractor plaintiff heating company for repair of certain cleanout drains which had been broken by defendant's bulldozer operator, although sounding in tort, *held*, properly included in action against defendant for work and labor done as extras under its subcontract (CL 1948, § 608.1).

6. SAME—EXTRAS UNDER SUBCONTRACT—AMBIGUOUS CONTRACT.

Claims totalling $1,739.91 for 5 items as extras, made by plaintiff subcontractor against defendant contractor under contract with army, in action for work and labor done under subcontract and which items defendant claimed were covered in the written contract *held*, properly submitted to jury, where pertinent provisions of contract were ambiguous as to what the parties had intended.

7. SAME—CLAIM FOR FUNDS WITHHELD—CAUSE OF DELAY—EVIDENCE.

Claim for $1,980 for sum defendant contractor had withheld from plaintiff subcontractor and paid to army as liquidated damages for failure to deliver beneficial occupancy on time *held*, properly submitted to jury in action for sums alleged to be due under subcontract, where testimony as to whether plaintiff was the cause of the delay was in conflict.

8. SAME—OVERTIME AS AN EXTRA—QUESTION FOR JURY.

Claim for overtime as an extra in action for work and labor under plaintiff's subcontract with defendant contractor with army, disputed by defendant both as to liability and amount *held*, properly submitted to jury as a question of fact.

9. SAME—EXTRAS—INSTRUCTIONS.

Items in dispute between plaintiff subcontractor and defendant contractor with the army, which were properly submissible to jury because of conflicting testimony respecting the various matters claimed in action for work and labor as extras *held*, to have been properly submitted to jury by trial court, where he carefully charged as to each item in dispute that "if you find from a preponderance of the evidence" that either party had proved, "then you must find for" such party.

10. SET-OFF AND RECOUPMENT—FAILURE OF PERFORMANCE—VERDICT—GREAT WEIGHT OF EVIDENCE.

Verdict for plaintiff subcontractor on defendant contractor's claim of set-off and recoupment by reason of plaintiff's alleged

failure to perform according to the written contract *held*, not contrary to the great weight of evidence, where conflicting testimony was largely a question of credibility, a matter for the jury.

11. APPEAL AND ERROR—TRANSCRIPT—PREJUDICE.

Adequate review of appeal *held*, not to have prejudiced defendant by reason of difficulty surrounding production of transcript of testimony by a court reporter who had taken testimony for 3 days of 2-week long trial, where defendant fails to show in what way it has been prejudiced and even quotes and relies upon portions of the transcript which is. attacked.

12. INTEREST—ENTRY OF JUDGMENT.

The statute allowing interest on a judgment is construed as meaning that interest is computed from the date of entry of judgment, not from the date of affirmance (CLS 1961, § 600-.6013; CL 1948, § 623.20).

13. COSTS—APPEAL—DELAY IN OBTAINING TRANSCRIPT—DISCRETION OF COURT.

No costs are allowed on appeal to Supreme Court in the exercise of its discretion, where interest has been allowed on judgment from the time of its entry, notwithstanding defendant's claim of prejudice in presenting case on appeal because of long delay in obtaining transcript of testimony for 3 days of trial lasting nearly 2 weeks.

BLACK, KAVANAGH, and SOURIS, JJ., dissenting as to disallowance of costs.

Appeal from Genesee; Baker (John W.), J. Submitted March 8, 1963. (Calendar Nos. 94, 95, Docket Nos. 48,004, 48,005.) Decided December 27, 1963.

Assumpsit by Gifford Brown and Howard Johnson, doing business as Johnson & Brown Heating Company, with Hartford Accident & Indemnity Company intervening as party plaintiff, against Forrester Construction Company, a Michigan corporation, for work and labor on subcontracts. Cross-declaration filed by defendant for set-off and recoupment. Verdict for plaintiffs. Separate judgments entered on separate contracts, one for plaintiff and

one for plaintiff and intervening plaintiff. Defendant appeals. Upon preparation of testimony, motion made in Supreme Court for new trial, and cause remanded for disposition thereof. New trial denied. Affirmed.

*Gault, Davison & Bowers (M. Davison, Jr.,* of counsel), for plaintiffs.

*Mansfield, DeWitt & Sulzback (David E. DeWitt,* of counsel), for intervening plaintiff.

*Cline & George (Earl J. Cline,* of counsel), for defendant.

SMITH, J. Plaintiff heating company entered into a subcontract with defendant, April 28, 1952, to furnish plumbing and heating according to specifications in a contract 761, between defendant and the department of army. The heating company also entered into another subcontract with defendant, July 2, 1952, for excavating and trenching according to specifications in a contract 884 between defendant and the army. Plaintiff heating company instituted suit in assumpsit for $29,407.40. It claimed, among other things, that during the course of work, defendant "requested and ordered plaintiffs to do certain extra and additional work which was not provided" in the written contract, including labor and materials and especially certain "additional unnecessary overtime" which the heating company allegedly paid its employees. Defendant answered admitting owing plaintiff heating company $3,747.54, balance under contract 884, and denying all other liability. Somewhat later, defendant filed an amended answer claiming set-off and recoupment in the amount of $30,000. Therein, it was alleged that defendant was required to pay additional sums because of delays occasioned

by plaintiff heating company. Upon its motion, the indemnity company was permitted to intervene as a party plaintiff. It had previously become surety to the heating company on a performance bond in connection with contract 761. Prior to suit, "a part of the claim" of the heating company as to contract 761 had been assigned to the indemnity company. A verdict was rendered in favor of plaintiffs for $4,696.54, on contract 884, and $21,188.83, on contract 761. Defendant appeals from an order denying new trial.

After claim of appeal was filed October 10, 1958, defendant experienced difficulty in securing a transcript of testimony from a court reporter who took testimony for 3 days of the trial which lasted approximately 2 weeks. The reporter obviously was unable to transcribe his notes without assistance, despite the encouragement of a contempt citation. Finally, he did transcribe with assistance and a separate motion for new trial made in this Court and referred to the trial court was denied by the trial court May 22, 1961. The trial court ruled "the court having been advised by counsel for plaintiffs and defendant that the transcript * * * has been completed, certified and filed with the * * * clerk * * * motion * * * is denied."*

Defendant contends that the verdict was against the great weight of evidence and contrary to law. Defendant says the verdict was contrary to law because there was a misjoinder of parties-plaintiff and of causes of action; and because the trial judge erred in that the "interpretation of the contract was left to the jury."

---

* It should be added that this Court has had benefit of the entire transcript and all exhibits. Attention of defendant is directed specifically to the late arrival in this Court of all exhibits, some of which had not been received at the time the case was submitted.

Defendant argues also that the tardy transcript, coming from a "stenographer, not an officer of the court" and "uncertified" should be grounds for a new trial. It also argued that the verdict by the jury disallowing defendant's claim by way of set-off and recoupment is contrary to the great weight of evidence. Finally, it is urged that in the event judgment against defendant is affirmed, interest on the judgment should not run from date of entry because delay in obtaining the transcript was not the fault of defendant but of the court reporter.

Defendant's contention of misjoinder of parties and causes is untenable. The real reason for uniting the parties and causes in this lawsuit is because the "convenient administration of justice," based upon sufficient grounds, is best served. *Alles* v. *Polk Manor Co.*, 339 Mich 509; CL 1948, § 608.1 (Stat Ann § 27.591). In the instant case, Hartford and the heating company are joint owners of the cause of action under contract 761, Hartford being assignee of part of the heating company's claim against defendant. Both 761 and 884 involve nearly contemporaneous work on the same project location. Parties to the original contracts are the same. Proofs as to alleged oral agreements for extras are made and contested by approximately the same witnesses in each instance. In *Gilmer* v. *Miller*, 319 Mich 136, the dismissal of 2 counts on the grounds of misjoinder was reversed, this Court holding that while such dismissal might have been warranted under common law, the language of the statute is broad and goes far beyond the previous practice. The action was originally instituted in assumpsit for moneys had and received by a real-estate broker who had allegedly breached his fiduciary duty by nondisclosure of self-interest. The problem arose upon the assignment of the land contract upon which the broker's commission was based. In reversing

the trial court's dismissal of the action by the assignee this Court held at pp 143, 144:

"While each case of this nature must be determined largely on its own facts (*Torrent* v. *Hamilton*, 95 Mich 159), we think that the ends of justice in the case at bar will properly be served by permitting the plaintiffs to proceed to trial on the declaration as filed. It does not appear that defendant will in any way be thereby prejudiced. In fact, it would seem to be to his advantage to have the issues involved tried in 1 proceeding rather than in 2 or 3 separate suits. * * * The rights of the parties may and should be determined in a single action. The facts clearly indicate that the 'convenient administration of justice' will thereby be promoted."

Defendant further contends that the trial court erred by allowing contracts 761 and 884 to be interpreted by the jury rather than the court. Plaintiffs' position is most nearly summed up in the opening statement of plaintiffs' attorney. He said: "The big argument is whether Johnson and Brown are entitled to this money as extras or whether under their contract they were supposed to do all this work." It is necessary to examine each item separately to settle this question.

Regarding contract 884, defendant concedes that the contract was fully performed and acknowledges owing a balance of $3,747.54, contending nonpayment was due to outstanding claims of plaintiffs' creditors. Defendant denies liability for an additional amount of $949 claimed for graveling a parking lot. Neither party claims that graveling of the lot was included in contract 884, however, there exists a conflict as to why it was done. The testimony of plaintiff Brown indicates that the parking area was graveled by order of Hamilton who was acting project engineer at the time, and also by order of McKay, de-

fendant's construction superintendent on the job. This was denied by defendant. Obviously, the trial court properly submitted to the jury this dispute as to whether or not there was an oral agreement for extra work. 6 MLP, Contracts, § 193, p 438. See, also, *Wenzel* v. *Kieruj,* 168 Mich 92.

The record indicates that there were several areas of dispute regarding contract 761. The sum of $2,606.34 was claimed for reworking the original installation for heat risers. Plaintiff Brown testified that the original plans called for cement block walls, approximately 8 inches in thickness. Plaintiff states that a subsequent alteration was proposed by defendant changing the wall material and measurements. However, when such material was not available, defendant is said to have returned to the original plan, thus necessitating additional work by plaintiffs to adapt to the changed plans. Plaintiffs contend this was done on special order under new blueprints furnished by defendant. Defendant denied this and it was properly submitted to the jury. Michigan Law and Practice, *supra.* The amount of $41.91 was claimed because certain cleanout drains were broken by defendant's bulldozer operator. Defendant asserted that it was plaintiffs' responsibility to protect their finished work. Nothing in the contract covers this dispute, and although it sounds in tort, it is permissible under the statute. CL 1948, § 608.1 (Stat Ann § 27.591), *supra.* See *Holmes* v. *Borowski,* 233 Mich 407.

Plaintiffs claimed $922 for hooking up certain kitchen equipment to water and sewer outlets. Defendant says it was covered in the written contract. Section 19–15e of said contract (761) required that "a valve with drain shall be installed on the service line inside the building. The piping shall be extended to all fixtures, outlets, and equipment from the valve." This language neither specifies the por-

tion or the building intended, such as kitchen or other, nor does the phrase "extended to" mean "connect up with" as a matter of law. Therefore, this ambiguity was properly submitted to the jury as to what the parties intended. *Millar* v. *Macey Co.,* 263 Mich 484.

Plaintiff claimed $473.96 as an extra for a pressure reducing station for kitchen equipment, $39.95 for extra pressure tools, $160.95 for cutting holes in a roof for building exhaust, and $143.05 as miscellaneous expense, including boiler inspection costs. Defendant claims these items are covered in various provisions of the written contract. A minute inspection of each contract provision cited by defendant leaves but 1 conclusion as to these items: the language of the contracts provides no clear answer as to what was intended. We conclude, as to these items, that there was sufficient ambiguity to present a fact question for the jury as to what was intended by the parties under the written contract.

Another item in dispute was for $1,980 which plaintiffs claim was improperly withheld by defendant. Defendant paid the amount to the army as liquidated damages for failure to deliver beneficial occupancy on time. Defendant refers us to 2 sections of specifications of the contract which deal with completion dates and damages to be assessed for failure to deliver. The dispute, however, is not over what the written contract provides, but whether plaintiffs caused the delay. Again the testimony was in conflict over whether plaintiffs had breached the contract by failure to perform. Obviously, this was a fact question.

Sharpest conflict is reserved for plaintiffs' claim for overtime both as to liability and as to amount. Testimony of plaintiffs is that due to defendant's faulty management of the project, plaintiffs were frequently ordered to work overtime. This was dis-

puted; however, 1 of defendant's witnesses indicated that plaintiff heating company was ordered to work overtime on 2 occasions only. This, too, was an issue of fact for the jury. Further on this point, defendant contends that even if it were liable for overtime, plaintiffs' method of computation was erroneous. In its instructions to the jury, the trial court presented both theories of computing overtime. The jury chose plaintiffs' method. It was properly a fact question.

At this point, it is important to note that the trial judge carefully instructed the jury as to each contested item enumerated above. He explained, as to each item, plaintiffs' and defendant's contentions, summarizing each instruction with the customary charge that "if you find from a preponderance of the evidence" plaintiffs have proved, et cetera, "then you must find for plaintiffs." The converse was also charged by the judge, as to each item, from the standpoint of defendant's theory and proofs. We conclude as to the disputed items of extra work that each was fairly submitted to the jury.

Defendant further contends that the jury verdict on its claim of set-off and recoupment was contrary to the great weight of evidence. Defendant offered testimony to prove that plaintiff heating company failed to perform according to the written contract. One of plaintiffs testified that all of the items in the contract were completed. The testimony presented largely a question of credibility for the jury. Although obviously in sharp conflict, the evidence adduced in behalf of plaintiffs, on this point, was sufficient to sustain the verdict as to the counterclaim. Based upon the testimony, therefore, we do not find that the verdict was against the great weight of the evidence.

Defendant claims further that the circumstances surrounding transcription of the 3 days of testimony

by the delinquent reporter operated to deprive it of adequate review on appeal. We can only answer that defendant has not shown in what way it has been prejudiced. It is not claimed that the transcription is inaccurate; in fact, defendant quotes and relies upon portions of the transcript which is attacked. Under these circumstances, we conclude that there is no prejudice to defendant's presentation on appeal.

Finally, it is defendant's contention that because of the delay of 3 years in receipt of portions of the transcript, interest should not be charged on the judgment from the date of entry. CLS 1961, § 600-.6013 (Stat Ann 1962 Rev § 27A.6013) provides in part:

"Execution may be levied for interest on any money judgment recovered in a civil action, such interest to be calculated from the date of judgment at the rate of 5% per year."

The provision of the former statute, CL 1929, § 14555 (Stat Ann § 27.1520),* is construed in *Jones* v. *O'Donnell*, 292 Mich 189, 196, to mean that interest is computed from the date of entry of judgment, not from the date of affirmance. We find no warrant in the statute or case law for excusing interest on the judgment. However, as a discretionary matter, in view of the circumstances, no costs are awarded in this Court. See GCR 1963, 822.

Affirmed, without costs.

Carr, C. J., and Dethmers, Kelly, and O'Hara, JJ., concurred with Smith, J.

Black, J. (*dissenting as to costs*). I concur in affirmance as a result, but do not agree that these prevailing appellees should be denied costs on appeal.

---

* Subsequently, CL 1948, § 623.20 (Stat Ann 1959 Cum Supp § 27-.1520).

Defendant-appellant's appendix on appeal was filed November 8, 1961. Its brief was filed November 13, 1961. Plaintiff-appellees' appendix and brief were filed May 17, 1962. For some unknown reason the appeal was not submitted here until March 8, 1963 (submitted on briefs), *after* the effective date of the general court rules and the revised judicature act.

The submission date, however, does not count. What counts is that appellees' work on the appeal was finished in 1962. Under the law as it stood then they were entitled to costs on affirmance. CL 1948, § 647.21 (Stat Ann § 27.2539). Compare section 647.21 with PA 1961, No 236, § 2445; (CLS 1961, § 600.2445, Stat Ann 1962 Rev § 27A.2445), effective January 1, 1963.

I vote, then, to affirm with award to appellees of their rightfully earned costs.

KAVANAGH and SOURIS, JJ., concurred with BLACK, J.