## PEOPLE v ABRAM

1. CRIMINAL LAW—SPEEDY TRIAL—DELAY.

   A delay of 19-1/2 months between the arrest and trial of a defendant does not require reversal of his conviction where there is no showing of prejudice and where no demand was made for a speedy trial.

2. CRIMINAL LAW—WITNESSES—INDORSEMENT—POLICY—STATUTES.

   The statute requiring the prosecutor to list on the information all witnesses known to him has been interpreted to be limited to *res gestae* witnesses with various exceptions even as to them, and the judicially expressed policy underlying the prosecutor's duty is to protect the accused against a false accusation (MCLA 767.40).

3. CRIMINAL LAW—WITNESSES—INDORSEMENT.

   Denying defendant's motion to compel the prosecution to indorse and call as a witness a physician who had examined the injuries of an assault victim soon after the assault was not error where the defense had 19-1/2 months to prepare its case and was well aware of medical testimony obtainable from at least two different sources, but waited until the people had rested the case and then demanded that one of the examining doctors be indorsed and called (MCLA 767.40).

4. CRIMINAL LAW—WITNESSES—NURSE.

   Refusing to allow a factory nurse who treated an assault victim to speculate as to what type of instrument could have inflicted the injuries was not an abuse of discretion where no attempt was made to qualify the nurse as an expert witness.

5. CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OFFENSES.

   Failure of the trial court to instruct the jury on lesser included

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 251, 252.
[2, 3] 41 Am Jur 2d, Indictments and Informations §§ 55, 56.
[4] 53 Am Jur, Trial § 32.
[5] 53 Am Jur, Trial §§ 286, 796–802.

offenses was not reversible error where defendant requested such instructions verbally after the conclusion of instructions.

Appeal from Kent, Stuart Hoffius, J. Submitted Division 3 April 10, 1972, at Grand Rapids. (Docket No. 8577.) Decided May 24, 1972.

Philip Abram was convicted of felonious assault. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Donald A. Johnston, III,* Chief Appellate Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, and *Larry R. Farmer,* Assistant Defender, for defendant on appeal.

Before: J. H. Gillis, P. J., and R. B. Burns and Danhof, JJ.

R. B. Burns, J. Defendant appeals from his jury trial conviction of felonious assault.[1] Defendant and the alleged victim of the crime worked in a Keebler Company factory on and around the same machine. The sole eyewitness to the incident, a co-worker, testified that defendant hit the victim in the head with a shovel in consummation of what appeared to be an argument between defendant and the victim. Defendant denied the eyewitness's accusation and claimed the victim received his injuries when he fell down a stairway. The victim was unable to clarify the episode since he could not recall anything concerning his injuries.

Defendant's first issue is predicated upon a delay between his arrest and trial of approximately 19–

---

[1] MCLA 750.82; MSA 28.277.

1/2 months. Although defendant was arrested on November 11, 1967, the state was not ready to proceed with his trial until June 30, 1969.[2] A previous trial date of April 23, 1969, was, without record explanation, reset to the June 30 date. Lack of record explanation for adjournment must be viewed "with great concern" on appeal. *People v Harrison,* 386 Mich 269, 274 (1971). In a proceeding held on June 30, 1969, the trial judge speculated as to the cause for much of the delay:

"This is a disgrace, really, in that this case is alleged to have occurred, or the event is alleged to have occurred November 10th of 1967. The case arrived in this court after a preliminary examination on January 19, 1968. The transcript was not filed until May 9, 1969. I suppose that was because it was Miss Contreras who had the transcript and I assume it was one of those that got bogged down at the time when she had left the employ of the city and county."

In a triad of cases[3] the United States Supreme Court guaranteed state criminal defendants the right to a speedy trial. Two factors which were present in the Federal cases but conspicuously absent in the instant appeal are prejudice as a result of delay and a pretrial demand for a speedy trial. Implied waiver of the constitutional right to a speedy trial may be of doubtful constitutional validity[4] but our Supreme Court continues to adhere to the rule that defendants lose the right

[2] Actual trial was ultimately held on August 25, 1969, because defendant, who was free on bond, failed to appear on the June 30, 1969 date.

[3] *Klopfer v North Carolina,* 386 US 213; 87 S Ct 988; 18 L Ed 2d 1 (1967); *Smith v Hooey,* 393 US 374; 89 S Ct 575; 21 L Ed 2d 607 (1969); *Dickey v Florida,* 398 US 30; 90 S Ct 1564; 26 L Ed 2d 26 (1970).

[4] See Justice Brennan's concurring opinion in *Dickey v Florida, supra,* fn 3.

unless demanded at trial level. *People v Miklovich,* 375 Mich 536 (1965); *People v Harrison,* supra. Unlike the situation in *Harrison* no chilling of other constitutional rights is presented and the record does not disclose manifest error stemming from the 19-1/2 month delay. Defendant was free on bail during this period and had retained an attorney to represent him at trial.

Defendant's next allegation of error concerns the prosecution's failure to endorse on the information, and call as a witness at trial, a doctor who examined the victim's physical injuries shortly after the incident. By statutory imposition the prosecuting attorney is required to list on the information "the names of the witnesses known to him at the time of filing the same". MCLA 767.40; MSA 28.980. Appellate court interpretation of this statute limits the duty of endorsement to *res gestae* witnesses, with various exceptions even as to *res gestae* witnesses. *People v Kayne,* 268 Mich 186 (1934); *People v Dickinson,* 2 Mich App 646 (1966). The judicially expressed policy of the endorsement duty is to "protect the accused against a false accusation". *People v Dickinson, supra.* This policy has not been breached with regards to the defendant. This is not a case where the prosecution deliberately withheld evidence; the defense could have introduced medical testimony had it desired to do so.[5] Defendant had 19-1/2 months to prepare his case; he was well aware of medical testimony obtainable from at least two different sources. Instead of securing information from these sources, defense counsel waited until after the people rested their case and then demanded that one of the examining doctors be endorsed and produced. His demand was unreasonably late; the

[5] See *People v McLaughlin,* 3 Mich App 391 (1966).

trial court did not err in denying his motion. *People v Willie Jones,* 38 Mich App 512 (1972).

The trial court would not permit the factory nurse who treated the victim to speculate as to what type of instrument could have inflicted the injuries. Defendant's complaint on this point is meritless. No attempt was made to qualify the nurse as being sufficiently skilled to answer the question. The discretion possessed by the trial court in the admittance of expert testimony[6] was not abused.

Defendant next complains of the trial court's refusal to instruct on lesser included offenses. Defense counsel's request for such instructions was not in writing and was not made until after conclusion of the instructions. Under these conditions the trial court properly refused the request. *People v Wynn,* 386 Mich 627 (1972); *People v Herbert Van Smith, Jr,* 30 Mich App 384 (1971); GCR 1963, 516.

Defendant asserts he was denied effective assistance of counsel. Defense counsel's actions were not constitutionally inadequate according to the *Degraffenreid* standards. *People v Degraffenreid,* 19 Mich App 702 (1969).

Affirmed.

All concurred.

---

[6] See *People v Calhoun,* 30 Mich App 160 (1971).