### PEOPLE v ROWAN

#### Opinion of the Court

1. Searches and Seizures—Search Without Warrant—Tape Recordings—Evidence.

   Secret tape recordings made without having first obtained a warrant prior to the Supreme Court's decision which requires the prior procurement of a warrant for such participant monitoring procedures are inadmissible in evidence.

2. Searches and Seizures—Search Without Warrant—Participant Monitoring—Evidence—Admissibility.

   An informant may testify as to statements spoken to him directly in conversations he had with a defendant even though the tape recordings made of such conversations and obtained through a participant monitoring procedure without the prior procurement of a warrant are inadmissible.

3. Evidence—Witnesses—Use of Memoranda—Refreshed Recollection—Tape Recordings—Independent Knowledge.

   A witness testifying from memory may refresh his recollection from notes he himself prepared after listening to tapes of conversations between himself and a defendant, even though the tapes themselves are not admissible at trial, where the witness used his independent knowledge and refreshed memory to make his notes.

#### Concurrence by Quinn, J.

4. Criminal Law—Speedy Trial—Delay in Trial—Prejudice—Bail—Representation by Counsel.

   *A delay of 17 months between the arrest and trial of a defendant*

---

References for Points in Headnotes

[1] 68 Am Jur 2d, Searches and Seizures § 24.
[2] 68 Am Jur 2d, Searches and Seizures § 61.
[3] 29 Am Jur 2d, Evidence § 65.
    30 Am Jur 2d, Evidence § 1080.
[4] 76 Am Jur 2d, Trial §§ 173–176.
[5] 68 Am Jur 2d, Searches and Seizures §§ 42, 44.
[6] 4 Am Jur 2d, Appeal and Error § 413.
[7] 21 Am Jur 2d, Criminal Law §§ 218, 219.

*does not require reversal of his conviction where there is no showing of prejudice, where no demand was made for a speedy trial, and where the defendant was out on bail and represented by counsel during the time in question.*

5. SEARCHES AND SEIZURES—PARTICIPANT MONITORING—SEARCH WITH-OUT WARRANT—TAPE RECORDINGS—PROSPECTIVE APPLICATION.

*Prosecution witnesses may testify about taped conversations between a defendant and a police sergeant where the tapes were obtained without a warrant for a participant monitoring procedure prior to the Supreme Court's holding which requires a search warrant for such monitoring but which applies prospectively to police conduct occurring after its decisional date.*

6. APPEAL AND ERROR—TRANSCRIPT—FINAL ARGUMENTS—PREJUDICE.

*A trial court's failure to make a record of the final arguments of counsel in a criminal trial is not reversible error where the defendant fails to show prejudice sufficient to deprive him of a fair appeal due to the lack of a complete transcript.*

7. CRIMINAL LAW—DEFENSES—ENTRAPMENT—WALKER HEARINGS.

*A defendant in a criminal trial is entitled to a Walker-type hearing outside the presence of the jury where the defense of entrapment is raised.*

Appeal from Muskegon, Charles Larnard, J. Submitted April 6, 1977, at Grand Rapids. (Docket No. 27648.) Decided June 7, 1977.

Nathan Rowan was convicted of eleven counts of bribery and eleven counts of obstruction of justice. Defendant appeals. Remanded for a hearing on the entrapment issue. If the trial court finds entrapment, defendant is to be discharged; if no entrapment is found, affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Robert C. Ward, Jr.,* Assistant Attorney General, for the people.

*Bell, McSorley, Hudson & Daniel, P. C.,* for defendant.

Before: D. E. HOLBROOK, JR., P. J., and QUINN and ALLEN, JJ.

ALLEN, J. We agree in full with Judge QUINN on issues 1, 3 and 4. On issue 2, we affirm for reasons different than the non-retroactivity rule of *Beavers.* In *People v Plamondon,* 64 Mich App 413; 236 NW2d 86 (1975), we held that warrantless secret tape recordings made even prior to the decisional date of *People v Beavers,* 393 Mich 554; 227 NW2d 511 (1975),[1] were inadmissible in evidence. But, the informant, Sergeant Jurkas, testified as to his face-to-face conversations with defendant. As was stated in *Beavers:*

"The admissibility of the informant's testimony is in no way affected by ruling inadmissible the testimony of the two police officers. The warrantless monitoring and subsequent testimony of these two witnesses renders tainted the *transmitted* account of the conversation, but does not in any way prevent the informant from testifying as to the statement spoken to him *directly."* (Emphasis in original.) 393 Mich at 567.

The fact that Sergeant Jurkas refreshed his memory by referring to his own notes should not make his testimony objectionable. Prior to making his notes he would *sometimes* listen to the tapes but would then use his independent knowledge and refreshed memory in making the notes. Witnesses testifying from memory are traditionally allowed to refresh their recollection from their own prepared notes. *Battle Creek Food Co v Kirkland,* 298 Mich 515; 299 NW 167 (1941).

We remand for a hearing on the entrapment issue. If it is determined by the trial court that defendant was entrapped, defendant shall be dis-

_____
[1] Decided April 7, 1975.

charged. If the trial court finds there was no entrapment, this case shall stand affirmed. We retain no further jurisdiction.

D. E. Holbrook, Jr., P. J., concurred.

Quinn, J. *(concurring)*. Defendant was convicted by a jury of eleven counts of bribery, MCLA 750.117; MSA 28.312, and eleven counts of obstruction of justice, MCLA 750.505; MSA 28.773. He was sentenced to a prison term of from two to four years on each bribery count and two to five years on each count of obstruction of justice, all sentences to run concurrently. He appeals as of right.

Initially, defendant was arrested and charged with one count of conspiracy to bribe, one count of conspiracy to obstruct justice and five counts of conspiracy to violate state gambling laws. After preliminary examination, the bribery and obstruction of justice counts were dismissed. On July 3, 1974, defendant was again arrested and charged with the present counts of bribery and obstruction of justice. Defendant waived preliminary examination and was bound over to circuit court for trial. The arraignment was not held until July 28, 1975, because the Attorney General wanted time to challenge the dismissal of the original conspiracy charges. A complaint for superintending control was filed on June 4, 1975. In October, 1975, the Attorney General agreed to proceed with the trial in the present case even though no decision had been rendered on the complaint for superintending control. In the latter part of October, 1975, the complaint was dismissed.

Defendant filed a motion to dismiss on June 19, 1975. No hearing was held on this motion. The motion was renewed on November 7, 1975; a hearing was held on December 10, 1975, and the mo-

tion was denied. Trial commenced on December 17, 1975.

The main prosecution witness was Sgt. John Jurkas. Sgt. Jurkas met with defendant several times from June, 1973 to May, 1974. At these meetings, defendant supplied the officer with information concerning gambling operations in the area. Sgt. Jurkas secretly recorded each of these conversations. The tapes were offered at trial but were not admitted into evidence. However, the officer was allowed to refresh his recollection of the conversations by reference to his field notes and to typewritten notes compiled after listening to the tapes.

At several of these meetings, defendant requested protection for his gambling operation. In return for the protection, defendant supplied Sgt. Jurkas with information and various bribes.

After the prosecution's case in chief, defendant requested a hearing outside the presence of the jury on the issue of entrapment. The trial court refused, stating the motion was untimely. Defendant was allowed to argue entrapment based solely upon the evidence as presented in the prosecution's case. The defendant moved to dismiss on the basis of entrapment, the motion was denied and defendant rested his case.

Defendant raises four issues on appeal:

1. Was defendant denied his right to a speedy trial?

2. Was it error for the prosecution's witnesses to testify about the taped conversations between the defendant and Sgt. Jurkas where the recordings were obtained without a warrant?

3. Was the failure to record the final arguments of counsel reversible error?

4. Was it error for the trial court to refuse to

grant defendant's request for a hearing outside the presence of the jury on the issue of entrapment?

The delay in the present case was not a denial of the right to a speedy trial. Defendant was out on bail and represented by counsel during the time in question. There was no demand for a speedy trial. Further, defendant has failed to show the prejudice to his case. *People v Abram,* 40 Mich App 546; 199 NW2d 248 (1972).

In *People v Beavers,* 393 Mich 554; 227 NW2d 511 (1975), the Supreme Court held that participant monitoring requires prior procurement of a search warrant. The Court further held that *Beavers* was to apply prospectively. It is to be applied to police conduct occurring after its decisional date. *People v Pulley,* 66 Mich App 321; 239 NW2d 366 (1976), *People v Livingston,* 64 Mich App 247; 236 NW2d 63 (1975). In the present case, the conversations were all recorded prior to the holding in *Beavers, supra.* It was not error for the witnesses to testify about the tape recordings.

Defendant has failed to show prejudice sufficient to deprive him of a fair appeal due to the lack of a complete transcript, *Brown v Forrester Construction Co,* 372 Mich 204; 125 NW2d 315 (1963), *People v Drew,* 26 Mich App 337; 182 NW2d 566 (1970). There was no reversible error.

Defendant is entitled to a *Walker*[1] type hearing outside the presence of the jury on the issue of entrapment, *People v Keefe,* 69 Mich App 431; 245 NW2d 78 (1976), *People v Sheline,* 64 Mich App 193; 235 NW2d 177 (1975), *lv granted,* 395 Mich 817 (1975).

We remand for a hearing on the entrapment issue. If it is determined by the trial court that

[1] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

defendant was entrapped, defendant shall be discharged. If the trial court finds there was no entrapment, this case shall stand affirmed. We retain no further jurisdiction.